### MITCHELL *vs.* BRISTOL & POWELL.

Where a *factor* sells the goods of his *principal* without disclosing his agency, and takes the *note* of the purchaser, payable to himself or *bearer* at a future day, and *before maturity* transfers the note to his principal, payment by the purchaser to the factor, *after such transfer* and before the note falls due, is no bar to a recovery in an action by the principal as *endorsee* against the purchaser as maker of the note.

*It seems,* had there been an existing demand due from the factor to the purchaser at the time of the transfer of the note, that such demand might have been *set off* in an action by the principal.

*It seems,* also, that in an action by the *principal* to recover for *goods sold* by his *factor,* in his own name without disclosing his agency, the purchaser may *set off* any demand he may have against the factor.

THIS was an action of assumpsit, tried at the New-York circuit in November, 1831, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The suit was on a promissory note for $435, given by the defendants, dated 22d *December,* 1827, payable to *Daniel Mitchell,* or bearer, *four months* after date, and *transferred* by the payee by endorsement to *Jethro Mitchell,* the plaintiff in this cause. *Daniel Mitchell* was a commission merchant in Albany, dealing in oil, with which he was supplied by the plaintiff and other individuals; the note in question was taken for a quantity of oil *belonging to Jethro Mitchell,* sold to the defendants by *Daniel Mitchell,* who did not disclose to them his agency, nor was there any thing in or about his store apprizing customers that he acted as an agent for other persons in the transaction of his business. On the 7th April, 1828, *Daniel*

*Mitchell* received $435 in a letter from the defendants, which was delivered by an agent of the defendants, who asked for the note, and was told by Daniel Mitchell that it was at the bank, that he would get it and send it to the agent ; he however did not send it ; the agent called again on the 24th April, but did not obtain the note, which, on the 5th *January*, 1828, had been handed over, together with a number of other notes and some money, by *Daniel Mitchell* to *Jethro Mitchell.* When the note fell due, it was sent to Buffalo, where the defendants reside, and was protested for non-payment, *Daniel* not having informed *Jethro* of the payment made to him, until after the maturity of the note. In the autumn of 1828, *Daniel* became a bankrupt ; after 5th January, 1828, he received no property from *Jethro* to sell, but subsequently to 7th April, 1828, he received cash and notes for property previously sold by him, belonging to *Jethro*, and made payments to *Jethro*. In the spring of 1829, a settlement took place between Jethro and Daniel, and in the account then rendered by Jethro, he credited Daniel with the amount of the note in question, as of the date of 25th April, 1828. Jethro then expressed his regret as to the occurrences in relation to the note, and said he thought he should not prosecute the defendants. The jury, under the charge of the judge, found a verdict for the plaintiff, which the defendants now move to set aside.

*S. Stevens & S. A. Foot,* for the defendants. Was this an action by the *principal*, Jethro Mitchell, for *goods sold* by his *factor*, Daniel Mitchell, to the defendants in this cause, the principal could not object to the *set off* of a payment made by the defendants to the *factor*, with whom they dealt without notice of his acting as the agent of another ; *George* v. *Clagett*, 7 *T. R.* 359, 360, *n.*, 361, *n.* ; *Houghton* v. *Matthews*, 3 *Bos. & Pul.* 490 ; and if so, the form of action cannot change the rights of the parties. The plaintiff assumes the attitude of the *endorsee* of negotiable paper, but is not entitled to the privileges belonging to the holder of such paper ; he did not receive the note in the usual course of trade ; he made no advances and incurred no responsibilities upon the credit of it, and took it subject to all the equities existing between the original parties.

*Bay* v *Coddington*, 20 *Johns. R.* 637. It was his note as much before as after the delivery of it to him. 1 *Hall's R.* 562. If he does not recover upon the note, he is not worse off than he was before taking it. Besides, Daniel Mitchell should be considered as the agent of the plaintiff in receiving the money; had Daniel M. received payment for the goods at the time of sale, there could be no question in the case, nor could there have been a question, had the note been in his possession when the payment was made, and had he delivered it to the defendants.

*S. P. Staples,* for the plaintiff. The law of the cases of *George* v. *Clagett,* and *Houghton* v. *Matthews,* will not be disputed; payment to a factor, with whom a purchaser deals, without notice of his agency, is payment to the principal; but when the principal makes himself known, the purchaser deals with the factor at his peril. Here the principal did make himself known; a note payable to *bearer* was given, and when the factor was called upon for the purpose of paying to him the amount thereof, he had it not; it was in the hands of the principal. A note payable to *bearer* at a specific day is a contract to pay the holder, whomsoever he may be, and if the drawer of such a note pay it before due, and to one not holding the paper, he does so at the risk of paying it a second time. *Chitty on Bills,* 359, 148. When security is given for the payment of a debt, and payment is made to an agent, the debtor must see that the agent holds the security, for if he does not hold it, such payment will not bar the principal. *Paley on Agency, part* 2, *p.* 213, § 5, *p.* 209, § 4. The case of *Bay* v. *Coddington,* almost trenches upon the well settled principles of commercial law in reference to negotiable paper, and the court will not be disposed to extend the doctrines of that case; at all events, it does not affect this case.

*In reply.* The mere fact of the note not being in the possession of the vendor of the goods, was no evidence that the vendor had acted as a *factor;* it was enough to have put the defendants on their guard, and had the note passed into the

hands of a *bona fide* purchaser in the usual course of business, it would have been decisive against them. The doctrine of *Payley* applies only when payment is made to one *as an agent.* Here the payment was made *as to a principal.*

*By the Court,* NELSON, J. It is settled that where goods are sold on a *del credere* commission by a factor, in an action by the principal to recover the value of them, the buyer, who knew nothing of the principal, may set off any demand he may have on such factor, on the ground that he dealt with him as principal, *George* v. *Clagett,* 7 *T. R.* 359 ; and from two cases given in the notes to the above case, to wit, *Rabone, jun.* v. *Williams* and *Bayley* v. *Morley,* the one decided by Lord *Mansfield* and the other by Lord *Kenyon,* it would seem that, in all cases where a factor deals for his principal, but conceals him and delivers the goods in his own name, the person contracting with him has a right to consider him, to all intents and purposes as the principal ; and if the real principal bring the action for the goods, as he may, the purchaser may set off any claim he may have against the factor, in answer to the demand of the principal. See also *Stracey* v. *Deey, note c. in George* v. *Clagett.* These cases are cited by *Chambre,* J. in *Houghton* v. *Matthews,* 3 *Bos. & Pul.* 490, with approbation, and the principle of them is correctly stated, to wit, that where a party, being only an agent, acts ostensibly as the real and sole owner, (as in case of a factor concealing his principal, or an acting partner his partners,) the buyer of the goods may, in an action by the principal in the one case and by the firm in the other, set off a debt due to him from the factor or acting partner respectively, upon the ground that the parties by their conduct having enabled their agent to gain credit as the sole owner, and the buyer having contracted with him *bona fide* in that character, they cannot recover against him without allowing the same advantages and equities in his defence that he would have had against their agent. In these cases it is held that it makes no difference whether the sale by the agent is under a *del credere* commission or not ; the reason and law is the same in both cases. *Opinion of Lord Alvanley, Ch. J.,* 3 *Bos. & Pul.* 495. Testing this case by

these principles, it is clear that if this suit had been brought by the plaintiff to recover of the defendants the value of the oil sold, for which this note was given, they might have shewn the payment made on the 7th April to his agent, in bar, or set off any demand which they had against him.

The note, however, upon which this suit is brought, was delivered to the principal before due, and before the payment made to D. Mitchell upon it. In equity, it belonged to the plaintiff while in the hands of his agent, and the legal title passed to him on the delivery. He was a *bona fide* holder for a valuable consideration before the note became due, and it was the folly of the defendants to pay it to any one without requiring its production. The fact of D. Mitchell not having the note in his possession should have put any prudent man, the least acquainted with business, upon his guard, and induced him to have withheld payment till the note was forthcoming, and then the plaintiff, instead of a person having no interest in it, would have received the money. If, at the time this note passed into the hands of the plaintiff, there had been an existing debt due from his agent to the defendants, it might be a question whether, within the above cases, they would not have been entitled to set off such debt, upon the principles there established. That is not this case. Here the plaintiff came fairly by the note, and the only defence to it has arisen out of the negligence and inattention of the defendants to their rights, for which the plaintiff cannot be held responsible upon any just or legal principles.

New trial denied.