JAMES W. LOUGH

*vs.*

JOSEPH THORNTON.

A judgment *non obstante veredicto*, is not proper where there is a general verdict for the plaintiff, a material issue raised by the pleadings, or the answer, although technically defective, shows that the defendant has a meritorious defence.

Where an agent contracts as principal with a stranger who has no notice of

the agency; in an action upon the contract by the real principal against such stranger, the latter may set up any equities arising in his favor against such agent previous to notice of the plaintiff's rights.

The plaintiff delivered to W. certain goods, and authorized him to deliver them to the defendant, and to make an agreement with him to sell the goods on commission. W., with the goods in his possession went to defendant and represented to him that the goods were the property of a firm of which he was a member, and delivered the goods to the defendant as the property of such firm, to be sold by the defendant on commission, with the understanding that if W. or some other member of the firm did not call, defendant was to send proceeds of sales to said firm at their place of business. Subsequently W. called, and defendant paid him certain sums as proceeds of sales of the goods, for which W. signed a receipt in his individual name. The defendant had no notice at the time of the agreement with W., or at or prior to making such payments, that the goods were not the property of said firm, or that any of the representations of W. were untrue. *Held*, that in the action by the plaintiff who was the owner of the goods, against the defendant for the proceeds of the goods, the defendant was entitled to credit for the payments made to W.

When evidence is not strictly admissible under the pleadings, but no objection is made to it on that ground, but so far as that question is concerned the case is tried on the theory that it is admissible under the pleadings, the error is not ground for a new trial, and will be disregarded on appeal to this court where no injustice is done.

Appeal by defendant from a judgment of the district court for Scott county. The case is fully stated in the opinion of the court.

HENRY HINDS, for Appellant.

J. L. MACDONALD, for Respondent.

*By the Court.*—McMILLAN, J.—The complaint in this action alleges: that the plaintiff on the 17th of November, 1866, employed the defendant to sell, on commission of eighteen per cent., certain boots and shoes—the property of the plaintiff— mentioned and specified in a bill of items annexed to and

Lough v. Thornton.

made part of the complaint, of the value of $262.95, and delivered the same to the plaintiff; that defendant made sales thereof to the amount of $169.95, and returned unsold goods to the value of $93; that defendant had accounted for and paid to the plaintiff only $30 of the proceeds of sales, and demands judgment for the residue, less the defendant's commission, to the amount of $100, waiving any and all claim or right to any sum exceeding that amount.

The answer of the defendant denies each and every allegation of the complaint except such as are expressly admitted.

· The defendant further answering avers: that the goods in the complaint mentioned were delivered to the defendant by Solomon Whipps to be sold on commission as the property of J. W. Lough & Co., composed of said J. W. Lough, Solomon Whipps and C. Taylor, to be paid for when sold, less the defendant's commission of eighteen per cent., to said Solomon Whipps or said J. W. Lough & Co.; that defendant sold a part of the goods and realized therefor $146.20, and delivered the balance of the goods to the plaintiff; and further avers, that before the commencement of this action he paid to said J. W. Lough & Co., by delivering to said Solomon Whipps the sum of $58.10, and paid to the said J. W. Lough on his demand, by delivering the same to J. L. MacDonald at his request, the further sum of $30.00, and admits that he is indebted to the said J. W. Lough & Co., for moneys received on the sale of said goods, the sum of $31.78.

The plaintiff in his reply denies each and every allegation of new matter and counter-claim in said answer contained.

The case was tried by jury and the jury rendered a general verdict for the plaintiff for $31.78.

After the settlement of a case, the plaintiff moved, 1st, for a judgment notwithstanding the verdict for the amount claimed by the plaintiff in his complaint; and if not granted, 2d, for a

new trial. The court granted the motion for judgment notwithstanding the verdict, or for a new trial at the election of the plaintiff, and requiring such election by the plaintiff to be made within ten days; whereupon the plaintiff elected to take judgment notwithstanding the verdict, and judgment was entered accordingly, from which judgment this appeal was taken by the defendant.

A judgment *non obstante veredicto* is rendered where the defendant by his pleading confesses without sufficiently avoiding the action. *Lough vs. Bragg* and others, decided at the present term. 1 Ch. Pl. 656 ; *Bellows vs. Shannon*, 2 Hill 86. A judgment *non obstante veredicto* is thus defined by Mr. Tidd in stating the distinction between such judgment and a repleader: " Where the plea is good in form, though not in fact, or, in other words, if it contain a defective title, or ground of defence, by which it is apparent to the court, upon the defendant's own showing, that in any way of putting it, he can have no merits, and the issue joined thereon is found for him, there, as the awarding of a repleader could not mend the case, the court, for the sake of the plaintiff, will at once give judgment *non obstante veredicto ;* but where the defect is not so much in the title, as in the manner of stating it, and the issue joined thereon is immaterial, so that the court know not for whom to give judgment, whether for the plaintiff or defendant, there, for their own sake, they will award a repleader. A judgment, therefore *non obstante veredicto* is always upon the merits, and never granted but in a very clear case." 2 *Tidd's Pr.* 922; 1 Ch. Pl. 656–7 ; *Bellows vs. Shannon*, 2 Hill 86.

In the case at bar, the answer of the defendant denies each and every allegation of the complaint except such as are expressly admitted.

It is claimed by the plaintiff that in a subsequent part of the answer the averment that the defendant delivered, on demand,

to the plaintiff the balance of the goods unsold, and the further averment that he paid to the plaintiff, on his demand, the sum of thirty dollars, are admissions of the plaintiff's ownership of the goods. Without determining this question, we may assume, as we do for the purposes of this decision, that the position of the plaintiff is correct, yet this is not a confession of the plaintiff's cause of action. The answer still takes issue upon the terms of the contract as alleged in the complaint, avers a different agreement, and states facts which present a material issue involving, among other things, the authority of Whipps to dispose of the goods in the manner alleged, and the right of the defendant to a credit for $58.10, the amount claimed to have been paid to J. W. Lough & Co. in pursuance of the terms of the agreement with Whipps.

The answer is inartificially drawn, and may be in some respects technically defective, but we think there was a material issue for the jury, and certainly it is not apparent upon the defendant's own showing, that in any way of putting it, the defendant can have no merits.

It may well be that Whipps had authority, which as between the plaintiff and defendant would render the agreement made by Whipps with the defendant valid, and authorize the payment referred to, although the plaintiff was the real owner of the goods.

The verdict in the case, too, is a general one for the plaintiff; there is no verdict for the defendant.

The record, therefore, does not present a case in which the plaintiff was entitled to a judgment notwithstanding the verdict.

The respondent claimed upon the argument, that if the judgment *non obstante veredicto* is reversed, he is entitled to a new trial under the order of the district court.

Speaking for myself, it seems clear to me that the plaintiff,

under the alternative order of the district court granting a judgment notwithstanding the verdict, or a new trial, having in pursuance of the terms of the order of the court elected to take such judgment, must be deemed to have waived his right to a new trial, and cannot now be heard to insist upon that relief; but however that may be, the court are all of opinion that upon the merits of the case the plaintiff is not entitled to a new trial.

It is not disputed in the testimony that the plaintiff intrusted Solomon Whipps with the goods involved in this action, and authorized him orally to deliver them to the defendant, and make an agreement with the defendant to sell them on commission, allowing the defendant a commission of eighteen per cent. on sales; that Whipps with the goods thus in his possession represented to the defendant that the goods were the property of a firm of J. W. Lough & Co., and that he was a member of that firm; that he delivered the goods to the defendant, as the property of such firm, under an agreement with him to sell them on commission, with the understanding that if he or other members of the firm did not call for the proceeds of sales, the defendant could send the same to J. W. Lough & Co., at Jordon; that Whipps subsequently called on defendant, and defendant paid him on account of sales $58.10; and the testimony shows that the defendant had no notice, at the time of the agreement with Whipps, or at or prior to making such payments, that the goods were not the property of said firm, or that any of the representations of Whipps were untrue. It appears that Whipps signed a receipt for the amount paid him, in his individual name. This latter fact, under the circumstances, was not sufficient, in itself, to put the defendant upon inquiry, or give him notice of the plaintiff's rights.

The defendant, therefore, in making the agreement, and

subsequently the payments, dealt with Whipps as a partner of the firm of J. W. Lough & Co., in good faith and without notice of the plaintiff's rights. The payments made by the defendant were in pursuance of his understanding with Whipps, and in the ordinary course of business.

The defendant, then, dealt with Whipps as a principal, without notice of his agency. The plaintiff, by intrusting Whipps with the possession of the property for the purpose of his undisclosed agency, clothed him with the *indicia* of ownership, and thereby enabled him to deal as he did with the defendant. Under such circumstances the plaintiff in enforcing his rights to the property, can only do so subject to the equities of the defendant, upon the ground, that of two innocent persons, he shall suffer, who has put it in the power of another to do any injury. And it is a well settled rule of law, that a payment to one who is in fact an agent, but is allowed to act in his own name, and it is not known that another is the principal, is valid. *Story on Agency* §§ 420, 429; *Chitty on Contracts*, 225; *Huntington vs. Knox*, 7 *Cush.* 371; *Taintor vs. Prendergast*, 3 *Hill* 72; 2 *Smith's Leading Cases* 200, 428. As to this point there would seem to be no difference between the case of a factor and a mere agent. *Mitchell vs. Bristol & Powell*, 10 *Wend.* 492; Nelson, J., citing opinion of Lord Alvanly Ch. J. 3 Bos. & Pul. 495.

The defendant, therefore, was entitled to set off in this action the payment thus made to Whipps, and the jury have evidently allowed him these payments.

Although perhaps under the defendant's answer, strictly speaking, the proof of these payments may not have been admissible, yet no objection to the proof was made on that ground, the only objection urged being that evidence of the payments to Whipps was not admissible until Whipps' agency for the plaintiff was proved, and the case was tried upon the theory

that so far as the question of pleading was concerned the proof was unobjectionable.

The payments not being made to Whipps as agent of the plaintiff, it was not necessary to establish such agency, and the objection to the evidence on that ground was not well taken, and it is too late now to urge that the evidence was not admissible under the pleadings.

If it had been made upon the trial, it would have been obviated by amendment of the pleadings, and the parties having acted upon the theory that the proof was admissible under the pleadings, we will so regard it.

The verdict of the jury, therefore, is in accordance with the evidence, and as no error occurred in the reception of the evidence to which objection was made, or exception taken, a new trial ought not to be granted.

The judgment appealed from must be reversed, and judgment entered in accordance with the verdict of the jury.