WISWELL vs. BAXTER and others.

*Statute of limitations—Foreclosure of mortgage after note barred—Rate of interest allowed on such foreclosure.*

1.  A mortgage may be foreclosed, and the premises sold to make the mortgage debt, although the note secured by the mortgage is barred by the statute of limitations.
2.  Where, in such a case, the mortgage was for the payment of a specified sum, "with interest thereon according to the condition of a certain promissory note" (describing it), and the note provided for interest thereon "until paid," at a rate lawful at the time it was made: *Held,* that the judgment in foreclosure should include interest at that rate for the whole period.

APPEAL from the Circuit Court for *Sauk* County.

Action, commenced in 1862, to foreclose two mortgages executed in 1849 and 1851 respectively by the defendant *Baxter*. The first mortgage was given to secure the payment of $300, " according to the condition of a certain note," of the same date ; which note called for the payment of said sum in three equal installments in 1851, 1852, and 1853, with interest at seven per cent. The second was to secure the payment of $75, with interest thereon, "according to the condition of a certain promissory note" (describing it), which note called for the payment of said sum March 15, 1852, "with interest at thirty per cent. per annum until paid."    The defendant plead the statute of limitations.    The court found as facts that the defendant made the notes and mortgages; that there was due thereon $956.85 ; and that plaintiff owned the mortgages ; and held that the action was not barred, and that plaintiff was entitled to a judgment of foreclosure and sale, but not for any deficiency.    Judgment accordingly ; and *Baxter* appealed.

*George B. Smith* and *Daniel Baxter*, for the appellant, to the point that the action on the mortgage was barred, as well as on the note, cited *Harris v. Mills*, 28 Ill., 44; *Sacket v. Sacket*, 7 Wend., 94. If a debt in judgment of law is discharged, the mortgage given to secure it is also discharged. 1 Cow., 122; *Teal v. Ayres*, 9 Tex., 588; *Langdon v. Buel*, 9 Wend., 80; *Gardner v. Heartt*, 3 Denio, 232. The debt is the principal, and the mortgage the incident. *Jackson v. Willard*, 4 Johns., 41; 6 id., 290; 11 id., 534. The mortgage is a charge on the land, which attaches itself to the debt, and follows its destinies and ownership. *Blunt v. Walker*, 11 Wis., 334; 4 Chand., 153; *Croft v. Bunster*, 9 Wis., 503; id., 476. Any defense to the debt is a defense to the mortgage. 12 Wis., 422; *Hitchcock v. Merrick*, 18 id., 357. 2. After a note falls due it draws no more than legal interest; and it draws no interest from the time it is barred. *Brewster v. Wakefield*, 22 How. (U. S.), 118; *Reddish's Ex'rs v. Watson*, 6 Ohio, 510. In this case it will be seen that interest was reckoned at seven per cent. on one note, and at thirty on the other, up to the date of the decree.

*J. C. Hopkins* and *S. S. Wilkinson*, contra, cited R. S., 1849, p. 644; R. S. 1858, secs. 22 and 23, chap. 138; *Heyer v. Pruyn*, 7 Paige, 465; *Thayer v. Mann*, 19 Pick., 536; *Crain v. Paine*, 4 Cush., 486 and 559; *Baldwin v. Norton*, 2 Conn., 163; *Toplis v. Baker*, 2 Cox Ch. Cas., 123; *Spears v. Hartly*, 3 Esp., 82 and 91; 2 Hilliard on Mort., 21, 22; *Waltermire v. Westover*, 14 N. Y., 16; 14 Peters, 19, 32; *Pratt v. Huggins*, 29 Barb., 277; *Borst v. Corey*, 15 N. Y., 505 and 510; *Elkins v. Edwards*, 8 Geo., 325; *Joy v. Adams*, 26 Me., 330; Angell on Limitations, 91–92 and notes; *Miller v. Helm*, 2 S. & M., 687–697; 5 id., 651; *Belknap v. Gleason*, 11 Conn., 160; *Reed v. Shepley*, 6 Vt., 602.

COLE, J. It seems to be well established by the authorities that the six years statute of limitation constitutes no bar to a suit to foreclose the mortgage, although it might have been

pleaded to a suit upon the notes. These mortgages are under seal, and recognize distinctly the debt to secure the payment of which they are given. There is no question as to whether or not the personal liability of the mortgagor continues, since no judgment for a deficiency is asked against him. And in fact, judgment was only taken for the foreclosure and sale of the mortgaged premises to satisfy the amount found due upon the mortgages. That this judgment was correct is clear from the adjudicated cases cited by the counsel for the respondent.

A question is made as to whether the interest was rightly computed upon the seventy-five dollar mortgage. That mortgage was given to secure the payment of "the sum of seventy-five dollars, with interest thereon according to the condition of one certain promissory note," accompanying the same ; and by the note the mortgagor promised to pay interest on the note at the rate therein specified "*until paid.*" In view of this language there would not seem to be room for doubt as to what rate of interest the mortgage debt bears.

We can see no error in the judgment, and think it must be affirmed.

*By the Court.*—Judgment affirmed.