## 340 SUPREME COURT OF WISCONSIN,

---

Kennedy vs. Knight and wife, impleaded with others.

---

KENNEDY VS. KNIGHT and wife, impleaded with others.

*Mortgage directly to N. Y. bank, valid.—Presumption of authority in bank president to assign mortgage.—Usury: place of contract.—Wisconsin mortgage to foreign bank.—False description of land in a judgment.*

1. A mortgage running directly to a bank in New York, and not to the president thereof, or other officer indicated by the articles of association as the person to whom conveyances for the bank should be made, *held* to be valid.

2. Note indorsed in blank by the president of a New York bank, in his name of office, and transferred to the plaintiff, and a mortgage securing it assigned to him in writing by the same officer, under the seal of the corporation. The articles of association provided that no conveyance of real estate nor contract in relation thereto should be binding on the bank unless authorized by a vote of the board of directors. In an action on the note and mortgage, *Held,* that as between the plaintiff and the mortgagor the legal presumption must be that the president was authorized to execute the assignment, the bank itself not appearing or asserting title to said instruments.

3. Contract made in this state with a bank of New York for the payment here of money to it, with interest at 10 per cent. (the law of that state avoiding all contracts which provide for the payment of more than seven per cent. interest); and a mortgage on land in this state executed as security therefor: *Held,*

(1.) That the contract was not void for usury, being governed by the law of this state.

(2.) That it was not void as an exercise of banking powers in this state by a foreign bank; especially as it did not appear that the debt for which the security was taken was not one *previously* existing.

4. Where, by a clerical error in a judgment of foreclosure, the premises were described as in "Range 4" instead of "Range 5," the county, section and township being correctly given: *Held,*

(1.) That the false description would probably not vitiate the deed to be given on the foreclosure sale.

(2.) That in affirming the judgment, liberty would, however, be given the respondent to apply to the court below to correct it in this particular.

APPEAL from the Circuit Court for *La Fayette* County.

Action commenced in May, 1864, to foreclose a mortgage executed by *Knight and wife* to the Farmers' Bank of Saratoga, New York, in 1857, to secure his note of the same date for $5000, at one year, with interest at ten per cent., payable at Darlington in this state, with the current rate of exchange on New York. The complaint alleges that the bank, "by its president duly authorized thereto," for value, "duly endorsed

and delivered" said note, and also delivered said mortgage, to the plaintiff. The answer denies any knowledge &c., "as to the allegation contained in the complaint, that the note and mortgage therein described were transferred" from the bank to the plaintiff; denies that the cause of action had accrued within six years; and alleges that by the laws of New York the bank was prohibited from receiving more than seven per cent. interest, and the note and mortgage were void.

It appeared at the trial that there was a blank indorsement on the note (which was read in evidence), as follows: "ROSCIUS R. KENNEDY; President of the Farmers' Bank of Saratoga county, N. Y.," and there was attached to the mortgage a written assignment thereof, executed and acknowledged by said Kennedy, as president of said bank, and with its seal affixed, which assignment also purported to assign and transfer the note. No other evidence that said Kennedy was such president, or that plaintiff owned the note, appears in the bill of exceptions. The following provisions of the statutes of New York, in force at the time the note and mortgage were made, were put in evidence: (1.) Sec. 8, Title 2, R. S., "Of Monied Corporations." "No conveyance, assignment or transfer not authorized by a previous resolution of its board of directors, shall be made by any such corporation of any of its real estate, or any of its effects, exceeding the value of one thousand dollars," with some exceptions not important here. (2.) Provisions prohibiting any person or corporation receiving more than seven per cent. interest on any loan or forbearance of money, &c., and avoiding all instruments and contracts in violation of such prohibition. (3.) Section 24 of an act to authorize the business of banking, passed April 18, 1838, which provides that any banking association may purchase, hold and convey such real estate as may be mortgaged to it in good faith by way of security for loans made by or moneys due to such association, &c.; and that "all conveyances of such real estate shall be

made to the president or such other officer as shall be indicated for that purpose in the articles of association." The articles of association under which the bank was organized, contained the following: "Sec. 2. The president or vice-president of this association, and the cashier, shall sign all circulating bills, which may be authorized by law and by the board of directors, and all certificates of shares in the capital stock of this association. Sec. 3. No conveyance or transfer of the real estate or personal effects of this association, nor any contract or engagement relating thereto, except those enumerated in the last preceding section, shall be obligatory upon this association, unless the same be authorized by a resolution of the board of directors. But this provision does not apply to payments of lawful demands in specie or current funds in the transaction of the ordinary business of the association." No evidence appears of any resolution of the board of directors authorizing the transfer to plaintiff of the note and mortgage in suit.—It appeared that *Knight* was in the military service of the United States, or of this state, from April 22d, 1861, till the spring of 1865, and was absent from the state on such service between those periods, except a twenty days' furlough in January, 1864.

Judgment in the usual form, of foreclosure and sale, with provision for a personal judgment against *Knight* for any deficiency. From this judgment *Knight and wife* appealed.

*P. A. Orton, Jr.*, for appellant, argued that the mortgage was void because the bank was not authorized to take and hold real estate in its own name, but only in that of its president. *Head v. Prov. Ins. Co.*, 2 Cranch, 127; *Bank of U. S. v. Dandridge*, 12 Wheat., 64; *Metropolitan Bank v. Godfrey*, 23 Ill., 602, and cases there cited; *Rockwell v. Elkhorn Bank*, 13 Wis., 657. 2. The transaction was an attempt by a foreign bank to exercise its powers in this state, contrary to the declared public policy of the state. Ang. & A. on Corp., § 162; *Bank of*

*Augusta v. Earle*, 13 Pet., 589; *Runyan v. Costar's Lessee*, 14 id. 122; *Tombigbee R. R. Co. v. Kneeland*, 4 How. (U. S.), 17; *New Hope Bridge Co. v. Silk Co.*, 25 Wend., 648; *Mumford v. Am. Life Ins. & Trust Co.*, 4 Coms., 463; *Conn. Mut. Life Ins. Co. v. Cross*, 18 Wis., 111; *Pennington v. Townsend*, 7 Wend., 276; Const. of Wis., Art. 11, secs 4, 5. 3. The note and mortgage are void for the reason that they reserve interest at a rate exceeding seven per cent. A corporation, when it exercises its functions in a foreign state, must show that the law of its creation gave it authority to make such contracts as it seeks to enforce. A. & A. on Corp., § 162; *Bank of Augusta v. Earle*, 13 Peters, 589; *Bard v. Poole*, 12 N. Y., 495; *Bank of U. S. v. Owens*, 2 Peters, 527; *Life & Fire Ins. Co. v. Mechanics' Fire Ins. Co.*, 7 Wend., 31; *N. Y. Firemen Ins. Co. v. Sturges*, 2 Cow., 665; *Same v. Ely*, id., 678. 4. The plaintiff has not shown any right to the note and mortgage. There was no evidence that Kennedy was president of the bank, nor that the president was authorized by the directors to make the assignment and transfer to plaintiff. 1 Greenl. Ev., § 83, n. 4. 5. The action was barred. Ch. 32, Laws of 1863, relative to the commencement and prosecution of civil actions against persons in the military service &c., is void. *Bronson v. Kinzie*, 1 How. (U. S.), 311; *McCracken v. Hayward*, 2 id., 608; *Curran v. Arkansas*, 15 id., 304; *Stocking v. Hunt*, 3 Denio, 274; *Morse v. Goold*, 1 Kern., 281; *Von Baumbach v. Bade*, 9 Wis., 559; *Hasbrouck v. Shipman*, 16 id., 296.

*Brown & Pratt*, for respondent, argued, 1. That the answer contained no proper denial of the allegations of the complaint as to the indorsement and delivery of the note, and delivery of the mortgage to plaintiff. 2 Whit. Pr. (3d ed.), 81, and cases there cited. 2. That possession of the note was *prima facie* evidence that it was indorsed by the president of the bank as it purported to be. R. S., ch. 137, sec. 100. 3. That such indorsement sufficiently shows that it was made in behalf of the

bank. *Folger v. Chase*, 18 Pick., 63 ; *Bank of Genessee v. Patch-in Bank*, 3 Kern., 319. 4. That the want of a resolution of the board of directors would not render the indorsement *void*, but only *voidable* at the instance of the bank. There is no one before the court who has any legitimate interest in questioning plaintiff's title, or any right to be heard on that question. *City Bank of N. H. v. Perkins*, 29 N. Y., 554. The note having been transferred to plaintiff, the mortgage passes as incident thereto. *Croft v. Bunster*, 9 Wis., 503.—Counsel further argued that the note was not barred (R. S., ch. 138, sec. 15, subd. 2, and sec. 28 ; Laws of 1863, ch. 32, sec. 5) ; and that the transaction, in respect to interest, was governed by the law of this state. *Bard v. Poole*, 12 N. Y., 495 ; *Rock River Bank v. Sherwood*, 10 Wis., 236.

COLE, J.   The objection taken by the counsel for the appellants, that the mortgage was void because not made to the president of the bank, seems to us untenable. The mortgage was made to the bank itself. The general banking law of New York authorized the banking association to hold and convey such real estate as might be mortgaged to it in good faith by way of security for loans made by or moneys due to such association.   This mortgage was given to the bank for a purpose for which it was expressly authorized to take mortgages. And although it was further provided in the general statute, that all conveyances of real estate should be made to the president, or such other officer as should be indicated for that purpose in the articles of association, and the articles indicated or declared that the president, for the time being, should be the person to whom conveyances should be made, yet clearly the banking association was the real owner of the security. The mortgage was really and truly the property of the bank, whether given to the bank directly or conveyed to the president for the use of the bank.   The object in permitting conveyances to be made

to some officer of the bank, instead of being made to the bank itself, was evidently to facilitate the transaction of business, and not to prohibit the bank from takng title.

Another objection urged is, that the plaintiff failed to show title in himself to the note and mortgage. The note was indorsed in blank by "Roscius R. Kennedy, President of the Farmers' Bank of Saratoga county, N. Y;" and there was a written assignment of the mortgage by him to the plaintiff, under the seal of the corporation, in the same official character. By the articles of association it was provided, that no conveyance of real estate, nor any contract relating thereto, should be obligatory upon the association unless the same should be authorized by a resolution of the board of directors. Now it is argued that it should be shown by competent evidence, not only that Kennedy was president of the bank at the time he indorsed the note and assigned the mortgage, but also that there was a resolution of the board authorizing him to transfer these securities. We suppose possession of the note was *prima facie* evidence that the same was indorsed by the person by whom it purports to be indorsed. The assignment of the mortgage was under the seal of the corporation; but whether there was any proof of the signature of Kennedy, we are not informed. The bill of exceptions does not purport to contain all the evidence, and for aught that appears, his signature might have been proven. But besides, the bank is not here objecting that these securities have been transferred by their agent without authority. The legal presumption is, that it is satisfied with the act of Kennedy in transferring them. At all events, we see no reason for relieving the mortgagors from the payment of a debt because no resolution of the board was shown. *City Bank of New Haven v. Perkins*, 29 N. Y., 554. It is sufficient that the plaintiff's title is good as against the defendants. If there are any others who claim a title to these instruments superior to that of the plaintiff, it can be determ-

ined whenever they come before the court to assert it. As it is, the defendants are concerning themselves on behalf of the bank, which makes no claim on its own account. This they should not be permitted to do. *City Bank of New Haven v. Perkins, supra.*

Again, it is contended that the bank, by taking the note and mortgage, attempted to exercise its powers of banking within this state. This position is clearly unsupported by any fact in the case. The bank merely took a note secured by a mortgage upon lands in this state. Whether these instruments were given to secure money loaned by the bank at the time, or a debt due, does not appear. It is to be presumed that the bank acted within its charter. By the law creating it, the bank was authorized to loan money and take a mortgage to secure its payment. We know of nothing in the laws or public policy of this state, which forbid a foreign bank to take securities here for the repayment of a loan previously made; and, for aught that appears, that might have been this case. We do not think such a transaction must be condemned because it is an attempt upon the part of such bank to exercise banking powers and privileges within this state, contrary to the intent of our constitution and laws.

A further objection is taken, that the note and mortgage are void for usury. The rate of interest reserved is ten per cent. per annum. When these securities were executed, parties were permitted by the law of this state to contract for any rate of interest not exceeding twelve per cent. Ch. 55, Laws of 1856. It does not appear that there was any provision in the banking law of New York which restricted banks to any particular rate of interest. They were governed by the statute upon the subject of usury applicable to individuals and corporations, which limited the rate of interest to seven per cent., and declared the contract void by which a greater rate was reserved. But there was nothing to prevent the bank from contracting for the pay-

ment of interest at the rate of ten per cent. on a loan in this state. The contract was made here, was to be performed here, and is governed by our laws upon the subject of usury. These securities would not have been usurious if given to a natural person living in New York, and they were equally valid when given to this bank. *Rock River Bank v. Sherwood*, 10 Wis., 236.

The statute of limitations is relied on to prevent a recovery. The remedy of foreclosure on the mortgage would not be barred, even if the statute had run upon the note. *Wiswell v. Baxter*, 20 Wis., 680. But the note was not barred. The defendant *James G. Knight* testified on the trial, that he was mustered into the service of the United States as lieutenant in 1861, and remained constantly in the military service until 1865. By chap. 32, Laws of 1863, he was exempt from the service of civil process after that law took effect, for three years. But the fifth section provided that the time a person was exempt from the service of civil process under the provisions of that law, should not be taken as any part of the time limited by law for the commencement of any civil action. It is very clear, in view of this statute, that the remedy was not barred upon the personal obligation.

There is a clerical error in the judgment, in describing one tract of land mortgaged. The error is in describing the tract as in range "4" east, whereas it should be range "5" east. The false description would probably not vitiate a deed given of this tract, as the county, section and township are correctly given. It is a case within the maxim, *Falsa demonstratio non nocet.* But the judgment will be affirmed with liberty to the respondent to apply to the circuit court to correct the judgment entered in this particular.

*By the Court.*—The judgment of the circuit court is affirmed.