Edgerton vs. Schneider.

---

### EDGERTON vs. SCHNEIDER.

*Note and mortgage.—Death of mortgagor.—Failure to present note to commissioners of the estate.—Administrator's sale of the land.—Rights of purchaser and mortgagee.—Who may acquire tax title.—Presumption of law as to husband's agency for wife.*

1. Whether or not the note of a decedent, secured by mortgage, should be presented for allowance to the commissioners appointed to hear claims against the estate (a point not decided), a failure to present it will not bar the holder's right to enforce the specific lien by foreclosure.
2. The mortgaged land having been sold by the administrator, under a license, without any reservation or exception in the deed, or any mention of the mortgage in the proceedings, or any thing in the record to show that the sale was made pursuant to the proviso in ch. 145, Laws of 1862: *Held*, that the sale was subject to the mortgage.
3. The purchaser at an administrator's sale cannot acquire a tax title so as to cut off a prior mortgage.
4. Where a married man purchased at such a sale for his wife, as her agent, and a tax deed was subsequently made to him, the court assumes that he took this also as her agent, and holds it invalid as against the mortgagee.

APPEAL from the Municipal Court of *Ripon*.

Foreclosure of a mortgage executed by one Cooper, in 1864, to secure his note payable in 1867. Cooper

Wis. xxvi—49

died in December, 1864, testate, and in February, 1865, letters testamentary were issued to his executor, and an order was made by the probate court, and duly published, limiting the time within which claims should be presented against the estate, to six months from the date of the order. The plaintiff did not present the note or mortgage in suit for allowance, and they were never allowed as a claim against the estate. In October, 1865, the executor was licensed to sell the mortgaged premises to pay debts of the estate, and the sale, which seems to have been regularly made, was confirmed by the court, and an executor's deed of the land, without reservation or qualification, was executed to the purchaser, Mrs. Cornelia B. Bragg. The purchase was made for Mrs. Bragg by her husband, acting as her agent. Subsequently she conveyed the premises to *Louis Schneider*. On the 13th of May, 1869, a tax deed of the premises was issued to Mr. Bragg, based on a sale for the taxes of 1865; and the next day he quit-claimed the land to *Schneider*, who was in possession of the premises at that time, and at the commencement of the action. *Louis Schneider* was made defendant, along with Mrs. Bragg and others, as having or claiming an interest in the land.

The court held that the executor's sale was subject to the mortgage, and rendered judgment of foreclosure and sale in accordance with the prayer of the complaint; from which *Schneider* appealed.

*E. S. Bragg*, for appellant:

I. 1. The general rule of law and equity is, that the personal estate is the first fund for the payment of debts of a decedent. Debts secured by mortgage on the real estate (unless the estate be devised *cum onere*) are equally within the rule as debts not secured. 2 Spence's Eq. Jur. 333; 2 Coke's 1st Inst., Thomas' ed. 44; 2 Jarm. on Wills, *553, 554; 3 Myl. & C. 763; 9 Beav. 382. By force of this doctrine, defendant would be entitled to a *pro rata* distribution of the

personal estate, to be applied toward payment of the mortgage, admitting the latter to be a valid subsisting claim. 2. The statutes in regard to the settlement of estates (R. S. ch. 100, secs. 1, 7, 8, 16; ch. 101, secs. 15, 40, 41; ch. 103, sec. 2; ch. 117, sec. 1; ch. 94, sec. 1, and sec. 41 as amended by ch. 145, Laws of 1862) cannot be fully and fairly executed unless the mortgagee is required to file and prove his mortgage, so that the probate court may provide for its payment out of assets chargeable; so that a partition, if one is made, may be equalized by a knowledge of the incumbrances or charges on any particular lot; and so that a bond to protect the estate against the mortgage in case of a sale of mortgaged land, may be required as the statute prescribes. 3. Sec. 14, ch. 101, provides that " every person having a *claim* against a deceased person, proper to be allowed by commissioners, who shall not * * * exhibit his claim to the commissioners within the time limited by the court for that purpose, shall be for ever barred," etc.; and sec. 31 confers the powers of commissioners on the county judge. Sec. 12 provides that " the commissioners shall have power to try and decide upon all claims which by law survive against or in favor of executors and administrators, *except claims for the possession or title of real estate*," etc. Executors are answerable for debts of record to the extent of assets. Dayton's Surrogate, 290. A note and mortgage is "*a claim.*" Webster, *sub verbo*; 2 Thomas' Coke, 362, note B; 2 Lomax's Digest, 97. It follows that the note and mortgage in this case, not having been presented within the time limited, are barred. II. The appellant showed a tax title in himself to the land, and that he was in possession. Neither he nor his grantor of said title, nor Mrs. Bragg, was bound to pay the taxes; and there was nothing shown to invalidate this title.

*A. B. Hamilton*, for respondent, argued that inasmuch as Mrs. Bragg purchased the mortgagor's interest at the

adminstrator's sale, and *Schneider* went into possession under a deed from her prior to any assignment to him of the tax title, both of them were bound to pay the taxes which the mortgagor should have paid, and neither of them could take title under the tax deed, as against the mortgagee. The question whether the mortgagee was barred by non-presentment to the probate court for allowances, he declined to argue.

PAINE, J.   We shall not attempt to determine what may be the effect, if any, of presenting a note secured by mortgage to the commissioners appointed by the probate court to hear claims against the estate of the deceased mortgagor, and its allowance by them, upon the right of the holder to pursue his remedy by foreclosure.   Nor shall we attempt to determine the effect of a failure to present such note to such commissioners, within the time limited by the order of the probate court for the presentation of claims, in respect to the question whether all further remedy upon the note would be barred.

According to the original provisions of chapter 94 of the Revised Statutes, it would seem that debts secured by mortgage were not intended to be included among those required to be presented for allowance and subsequent settlement by the executor or administrator.   This conclusion would fairly result from the provisions of sections 12 and 41.   The latter provided that all sales of real estate by executors or administrators under a license, should be subject to any mortgages existing at the time of the death of the testator or intestate ; and the former that they should not be licensed to sell for the payment of any debt secured by mortgage, unless the remedy under the mortgage had been first exhausted.   But the latter provision seemed to be peculiarly objectionable to the legislature, for they repealed it by chapter 86, Laws of 1859, and then repealed it again by chapter

166 of the same session. This repeal would perhaps indicate an intention on the part of the legislature to allow such sales in some cases to pay debts secured by mortgage; and, therefore, that such debts might properly be presented as claims against the estate. And yet they retain the provision of section 41, that all such sales should be made subject to existing mortgages, except so far as that was modified by chapter 145, Laws of 1862, which modification seems not to affect this case.

But whatever conclusion might be drawn from the statutes as they now are, as to the necessity or propriety of presenting such debts for allowance as claims against the estate, we are of opinion that the failure to present them does not bar the holder's right to pursue his remedy by foreclosure, and enforce his specific lien upon the property subject to the mortgage. We hold this upon the ground that, even though such debts are subject to the general limitation provided in respect to claims against the estates of deceased persons, as contended by the appellant, yet the bar occasioned by such limitation should have no other or greater effect than would the bar under the general statute of limitations in favor of a living person. And in respect to that it has been settled by this court, in accordance with what was considered the result of the authorities, that the fact that the note is barred does not prevent the foreclosure of the mortgage. *Wiswell v. Baxter*, 20 Wis. 680. There is no reason why the bar under the limitation as to presenting claims against estates should have any different effect, or why the decision of the one question does not dispose of the other.

We think also that this right of the holder of the mortgage was not cut off by the administrator's sale under the license. It appears that there was no reservation or exception in the deed, and that the mortgage was not mentioned in the proceedings.

This being so, there being nothing in the record of the sale to show it to have been made in pursuance of the proviso of chapter 145, Laws of 1862, above referred to, it must then be held subject to the general provision of law, that all such sales are subject to existing mortgages. And the neglect to mention such mortgages in the deed, or other proceedings in making the sale, would not withdraw the sale from the effect of this provision, or prejudice in any way the rights of the holder of the mortgage.

Inasmuch as the purchaser at the administrator's sale stood in the same position as the mortgagor, she could not, by acquiring a tax title, cut off the mortgage. And though the tax deed was issued to her husband, as he was acting as her agent in the purchase of this land, that was undoubtedly taken also in the capacity of agent, and has no different effect from what it would have been entitled to if it issued directly to her.

This disposes of all the material questions raised by the exceptions. The judgment must be affirmed.

*By the Court.*—Judgment affirmed.