POTTER vs. STRANSKY, imp.

*December 20, 1879 — January 7, 1880.*

<div style="float:right">48  235<br/>97  277</div>

ASSIGNMENT OF SECURITIES: LIMITATION OF ACTIONS: RECORDING ACT. *(1) Assignment construed as made to a partnership. (2) When mortgage not affected by limitation of actions upon simple contract debts. (3) Who entitled to protection of recording act. (4) Attestation of instrument for record. (5) Question of good faith in assignment of securities.*

1. An assignment of note and mortgage purported to be in consideration of a specified sum paid the assignor by three persons named, who in fact constituted the firm of W. & P., and it assigned the instruments to "the said W. & P.," for their use and benefit, with condition that if the assignor should pay to W. & P. a specified sum by a day named, the assignment should be void. The indebtedness thus secured was one to the firm of W. & P. *Held*, that the assignment was to the firm, and not to its individual members.

2. The fact that the statute of limitations has run upon the note to secure which another note and mortgage were assigned, as well as upon the note originally secured by the mortgage, will not prevent the assignee from foreclosing the mortgage.

3. To render a prior assignment of a mortgage void as against one claiming under a subsequent. one, on the ground that the former was not recorded, such claimant must show a recorded chain of title to himself from the common source of title, and that the instruments recorded in fact were *entitled* to record.

4. An assignment of a mortgage with only one attesting witness is not entitled to record.

5. After an assignment of a note and mortgage as collateral security for a debt, the mortgagee died without having paid such debt, and the administrator had not possession of the securities, and did not claim them as assets of the estate, and did not know of their existence until informed thereof by one C., to whom he assigned them for the sum, expressed in the instrument, of ten dollars. C. assigned the note and mortgage to S., who paid only $225 for them, though the mortgage debt was then over $1,600, and was seventeen years overdue, and the instruments were not in C.'s hands. *Held*, that S. was not a purchaser in good faith.

APPEAL from the Circuit Court for *Kewaunee* County.

Action to foreclose a mortgage on lands in Kewaunee county, executed by David Youngs and Charles L. Fellows to Moses Miller, August 26, 1857, to secure the payment of a promissory note of even date therewith, made by the mortgagors to the mortgagee or bearer, for $500, and 12 per cent. interest, payable eighteen months after date. The action was commenced in 1877. .

The question in controversy is, whether the plaintiff or the defendant *Wyta Stransky* is the owner of the mortgage in suit.

The material facts, as shown by the pleadings, evidence and findings, are as follows: Under date of February 1, 1858, Moses Miller, the mortgagee, made his promissory note for $525, and 10 per cent. interest, payable to Williams & Potter or order, twelve months after the date thereof, and delivered the same to the payees therein named. Williams & Potter

were a copartnership firm doing business in the city of New York, the members of which were Richard S. Williams and George N. Williams (both since deceased), and the plaintiff, *Ellis S. Potter.*

As collateral security for the payment of the last mentioned note, in November, 1858, Miller, the maker thereof, transferred and delivered to Williams & Potter the note of Youngs & Fellows, above mentioned, and assigned and delivered therewith to that firm the mortgage in suit. Such assignment is in writing, indorsed on the mortgage, and expresses the purpose for which it was made. It was signed and sealed by Miller, but was not so executed as to be entitled to record, and was not recorded.

The firm of Williams & Potter was dissolved in 1862. Richard S. Williams died in 1864, and George N. Williams died in 1867. The mortgage in suit and the note it was given to secure, together with the note of Miller, remained firm assets, and were in the possession or under the control of the firm while it continued, and of the plaintiff, as the surviving member of the firm, after the decease of his copartners, until the trial of the cause. The plaintiff produced both notes and the mortgage at the trial, and testified that no payment had been made on either note.

Moses Miller died about the year 1874, intestate, and William H. Miller was duly appointed and qualified as administrator of his estate. In the inventory of the estate returned by the administrator, the note and mortgage of Youngs & Fellows are not included. The administrator did not know of the existence of such note and mortgage until 1875, when he was informed by one Clancy that there was such a mortgage. Clancy desired an assignment thereof, for the purpose, as he stated, of clearing the title, and at the same time stated to the administrator that it was invalid. The administrator thereupon executed an assignment of the note and mortgage to Clancy for the consideration of $10 therein expressed.

This assignment, although attested by but one subscribing witness, was recorded in the office of the register of deeds of Kewaunee county.

In 1876, Clancy executed an assignment of the same note and mortgage to the defendant *Wyta Stransky*, for the consideration therein expressed of $10, and the same was duly recorded. The evidence tends to show that *Stransky* paid $225 for such assignment.

*Stransky* proceeded immediately thereafter to foreclose the mortgage by advertisement, and the mortgaged premises were sold to him, pursuant to such foreclosure proceedings, by the sheriff of Kewaunee county. The sheriff gave *Stransky* the usual certificate of sale, bearing date August 19, 1876, by which it appears that the property was bid off by *Stransky* for the sum of $1,696.

A part of the relief prayed in the complaint is, that the sheriff (who is made a defendant in the action) be enjoined from executing a conveyance of the mortgaged premises to *Stransky*, under the sale and certificate, and that *Stransky* be enjoined from transferring such certificate or receiving such conveyance.

The findings of fact by the circuit court differ in some particulars from the foregoing statement. These are sufficiently stated in the opinion.

Judgment was entered for the defendant *Stransky* dismissing the complaint, with costs; from which the plaintiff appealed to this court.

For the appellant, there was a brief by *G. G. Sedgwick*, and oral argument by *Mr. Sedgwick* and *Wm. F. Vilas:*

1. The assignment from Miller to Clancy, being attested by only one witness, was not entitled to record; and it was therefore not evidence, and did not constitute constructive notice. *Ely v. Wilcox*, 20 Wis., 523; *Pringle v. Dunn*, 37 id., 449; *Wood v. Meyer*, 36 id., 308; *Gilbert v. Jess*, 31 id., 110; Jones on Mortg., § 532, and cases there cited, §§ 478 and 527.

There being no proof of title in Clancy, the record of the assignment from him to the defendant was not evidence. *Smith v. Lawrence*, 12 Mich., 431; *Farmers and Mechanics' Bank v. Bronson*, 14 Mich., 361; *Brinkman v. Jones*, 44 Wis., 498; *Sweet v. Van Wyck*, 3 Barb. Ch., 647. 2. The assignment to plaintiff was conditional, and, being under seal, constituted a mortgage of a mortgage, and the period of limitation was twenty years. *Power v. Lester*, 23 N. Y., 527; *Slee v. Prest. and Directors of Manhattan Co.*, 1 Paige, 48; Jones on Mortg., § 139; *Wiswell v. Baxter*, 20 Wis., 680; *Whipple v. Barnes*, 21 id., 328. 3. *Stransky* was not a purchaser in good faith. The facts that Clancy had no record title; that the mortgage was overdue; that the price paid was so inadequate; and that his assignor could not deliver possession of the note and mortgage — were, all or any of them, sufficient to charge him with notice; and he took only the rights which his assignor possessed. *Davies v. Austen*, opinion of Lord THURLOW, 1 Vesey Jr., 247; *Trustees of Union College v. Wheeler*, 61 N. Y., 88, 104; *Bush v. Lathrop*, 22 id., 535; *Fisher v. Otis*, 3 Pin., 87; 1 Jones on Mortg., §§ 476, 532, 884–5; *Cornell v. Hichens*, 11 Wis., 353; Parsons on Notes, 262; Parsons on Con., 255; Wade on Notes, §§ 23, 24, 306; *Hoppin v. Doty*, 25 Wis., 573; *De Witt v. Perkins*, 22 id., 473; *Brinkman v. Jones*, 44 id., 498; *Kellogg v. Smith*, 26 N. Y., 18; *Brown v. Blydenburgh*, 3 Seld., 141; *Pickett v. Barron*, 29 Barb., 505; Bump on Frauds, 176; *White v. Denman*, 1 Ohio St., 110; 31 Wis., 110; 36 id., 308.

For the respondent, there was a brief by *R. L. Wing*, his attorney, and *H. G.* and *W. J. Turner*, of counsel; and oral argument by *W. J. Turner*. They contended, 1. That, upon dissolution before the death of either partner, the title to firm assets vested in all the partners individually, and an action did not lie by the surviving partner alone. 2. That the language of the assignment showed a transfer to the three individuals named, and not to the firm of Williams & Potter. 3. That

the assignment to Clancy was properly found from the allegations of the complaint, where the making of the same is conceded.    4. That an assignee of a real estate mortgage is within the recording act, and the title of a subsequent assignee in good faith will prevail over a prior unrecorded assignment. R. S. 1858, ch. 86, secs. 25, 34 and 35; *Croft v. Bunster*, 9 Wis., 503; *Hoyt v. Jones*, 31 id., 389; *Campbell v. Vedder*, 3 Keyes, 178.    Miller, the original mortgagee, being dead; his office having been destroyed by fire, as represented to *Stransky;* nearly twenty years having elapsed since the date of the mortgage; the first assignees being out of the state; and no one hâving any knowledge of the prior assignment until its accidental discovery by plaintiff among some worthless papers — it cannot be said that defendant was guilty of negligence in not obtaining delivery, or that he was chargeable with notice. The subsequent conveyance being first recorded, the burden of proof is upon the party attacking the transfer, to show fraud. *Hoyt v. Jones* and *Campbell v. Vedder, supra; Purdy v. Huntington*, 42 N. Y., 348; *Greene v. Warnick*, 64 id., 220; *Kellogg v. Smith*, 26 id., 18; *Acer v. Westcott*, 46 id., 384; *Stoddard v. Rotton*, 5 Bosw., 387; *Peabody v. Roberts*, 47 Barb., 91. 5. That, the statute of limitations having run against the note to which the assignment was collateral, the plaintiff's remedy is gone.    *Rundle v. Allison*, 34 N. Y., 180; *Bruen v. Hone*, 2 Barb., 586; *Kane v. Bloodyood*, 7 Johns. Ch., 90; *Gordon v. Bowne*, 2 Johns., 150.

LYON, J. . I. The first question to be determined is, Can the plaintiff, if otherwise entitled to recover, maintain this action as surviving partner of the late firm of Williams & Potter; or should it have been brought in the name of the plaintiff and the heirs or personal representatives of the deceased members of that firm? The circuit court held that the plaintiff cannot maintain the action as such surviving partner.    The ruling was doubtless based upon the language of

the assignment by Moses Miller of the note and mortgage in suit, through which the plaintiff claims. That assignment is as follows: " In consideration of $500 to me in hand paid by Richard S. Williams, *Ellis S. Potter* and George N. Williams, of the city and county and state of New York, I do hereby sell, assign, transfer and set over unto the said Williams & Potter the within indenture of mortgage, together with the note accompanying the same, for their use and benefit, hereby authorizing them to collect and enforce payment thereof in my name or otherwise; but this assignment is made upon this express condition, that if the said undersigned shall pay to the said Williams & Potter the sum of $525 on or before the first day of February, 1859, with interest at the rate of ten per cent., this assignment to be void, it being made for the purpose of securing the payment of the said sum of $525, with interest as aforesaid, and for no other purpose whatever."

The note given by Moses Miller to Williams & Potter, to secure which the note and mortgage in suit were assigned as collateral, was given for a debt which Miller owed that firm, and was the property of the firm. Had the collaterals been transferred by delivery merely, there is no room to doubt that the legal title thereto would have passed to the firm, and the firm could have maintained an action upon them. *Curtis v. Mohr*, 18 Wis., 615, and cases cited in Vilas and Bryant's notes. We see nothing on the face of the assignment to indicate an intention to assign them to the members of the firm as individuals, and not as copartners. We think that if a right of action to foreclose the mortgage under Miller's assignment has not been defeated by the subsequent assignment to *Stransky*, that right is in the plaintiff as the surviving partner of the firm to which Miller assigned the securities.

2. The circuit court found that "it does not appear by the proofs that the indebtedness for which the mortgage and note were assigned as collateral security remains unpaid." This is clearly an error. The plaintiff produced the note of Miller to

Williams & Potter, and testified that it had not been paid. This testimony was not contradicted.

3. The circuit court also found that the statute of limitations had run against Miller's note, but it does not very clearly appear what influence that finding had upon the judgment. The fact is as found, but it seems to us that it is not an obstacle to a recovery by the plaintiff. Miller's assignment transferred to Williams & Potter all his interest in the note and mortgage assigned; and it is manifest that until he paid his note the firm could enforce any right in respect to the collaterals which Miller could have enforced had he not assigned them. One of these rights was to foreclose the mortgage and make all he could of the mortgage debt by a sale of the mortgaged premises pursuant to the foreclosure judgment. This he might have done after the statute of limitations had run against the note, but before it had run against the mortgage. *Wiswell v. Baxter*, 20 Wis., 680; *Kennedy v. Knight*, 21 Wis., 340; *Knox v. Galligan*, id., 470; *Edgerton v. Schneider*, 26 Wis., 385.

When Miller's note became due, Williams & Potter had three causes of action to enforce its payment: *first*, they might have sued Miller upon the note; or, *second*, they might have brought an action at law upon the collateral note of Youngs & Fellows; or, *third*, they might have proceeded to foreclose the mortgage. They have or may have lost their remedies by actions at law upon the notes; but the remedy in equity to foreclose the mortgage remains to them, or to the survivor of them. They have done no act which deprives them of that remedy.

Miller, in his life-time, after the statute had run against his indebtedness to Williams & Potter, could not have maintained an action against that firm to recover those collaterals, or their value, without showing that he had paid such indebtedness. And if he could not, the defendant *Stransky* cannot; for it is certain that, independent of the registry laws, which will be

hereafter noticed, the latter takes, by his assignment, no greater rights in respect thereto than Miller had.

4. The circuit court found that *Stransky* purchased the note and mortgage in suit in good faith and for a valuable consideration, by an instrument in writing entitled to record and duly recorded; and held that the assignment by Miller to Williams & Potter was therefore void as to *Stransky*. This was an application to the two assignments of the registry law, as the learned circuit judge understood and construed it, giving priority to the recorded assignment to *Stransky* over the older unrecorded assignment to Williams & Potter.

The provisions of the recording act, which are relied upon to sustain the priority of *Stransky's* assignment, are contained in sections 25, 34 and 35, ch. 86, R. S. 1858, which are reënacted as sections 2241 and 2242 of the late revision.

Section 25 provides that " every conveyance of real estate . . . which shall not be recorded as provided by law, shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall first be duly recorded." Sections 34 and 35 provide that the term " purchaser " shall be construed to embrace the assignee of a mortgage, and the term " conveyance" shall be construed to embrace " every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned, or by which the title to any real estate may be affected in law or equity, except wills, certain leases, and executory contracts for the sale or purchase of lands."

Had the mortgage in suit been conditioned for the payment of money, with or without covenant for payment, and unaccompanied by a note, and were *Stransky*, the assignee thereof by duly recorded assignments from Miller's administrators to Clancy and from Clancy to him, without notice of the assignment to Williams & Potter, it is probable that, under the above provisions of the statute, the unrecorded assignment under which the plaintiff claims, would be void as to *Stransky*.

But the assignment to Clancy, although actually recorded, was attested by but one subscribing witness, and was not entitled to record. It is not available, therefore, as a recorded instrument; and *Stransky*, who is compelled to make title through it, is not protected by the recording acts. To be thus protected, he must show a valid recorded chain of title from Miller. *Fallass v. Pierce*, 30 Wis., 443.

Hence the question of priority must be determined as though none of the assignments were recorded; and in that case there can be no doubt that the first assignment is valid as against *Stransky*, and that the plaintiff is the owner of the note and mortgage.

Moreover, the mortgage was given to secure the payment of a note. It is a mere incident of the note, and the transfer of the note carries the mortgage with it without formal assignment. Unless *Stransky* purchased the note in good faith and for a valuable consideration, he is not a *bona fide* purchaser of the mortgage.

When the administrator of Miller's estate executed the assignment of the securities to Clancy, he had not possession of the securities, did not claim them as assets of the estate, and in fact did not know of their existence until Clancy gave him the information recently before the assignment was made. The consideration of that assignment was ten dollars, and the same was expressed in the instrument. *Stransky* is chargeable with notice (when he took his assignment from Clancy) that Clancy paid a nominal consideration only for the securities (which showed that they were considered valueless), and that the same were not in the possession either of the administrator or Clancy. Besides, *Stransky* paid but $225 for the securities. It does not appear what the mortgaged premises are worth, but the mortgage debt at the time apparently amounted to over $1,600, and at his sale of the premises *Stransky* bid them off at $1,695. If the mortgaged premises were worth that sum, $225 was a very inadequate consideration for the mort-

gage. But, however that may be, in view of the other facts above mentioned, and the further fact that *Stransky* took his assignment more than seventeen years after the mortgage debt became due, we are clearly of the opinion that he is not an assignee of the mortgage in good faith. If authority is necessary to sustain what seems to us so plain a proposition, the cases cited in the brief of counsel for the plaintiff abundantly sustain it.

Because *Stransky* is not a *bona fide* assignee of the mortgage, as well as because of the defective execution of the assignment thereof to Clancy, it must be held that *Stransky's* assignment is not protected by the registry laws.

The above views are decisive of the case. It follows therefrom that the judgment must be reversed. The cause will be remanded with directions to the circuit court to give judgment for the plaintiff for the relief demanded in the complaint.

*By the Court.*— So ordered.

