COURT OF APPEALS
DECISION
DATED AND FILED

April 26, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP631**

STATE OF WISCONSIN

Cir. Ct. No.  2018CV3702

IN COURT OF APPEALS
DISTRICT I

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

  PLAINTIFF-RESPONDENT,

  V.

MARGARET BACH,

  DEFENDANT-APPELLANT,

JOHN DOE BACH, SANDRA BUTTS, JEANEEN DEHRING, GERI LYDAY, KEVIN MADSON AND MILWAUKEE COUNTY,

  DEFENDANTS,

JPMORGAN CHASE BANK NA,

  DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Milwaukee County:  STEPHANIE ROTHSTEIN, Judge.  *Affirmed*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Margaret Bach appeals from a judgment issued in this foreclosure action filed against her by the Federal National Mortgage Association (Fannie Mae).  She argues that the circuit court erroneously dismissed her counterclaims that she maintains preclude this foreclosure and allow her to recover damages.[1]  For the reasons set forth below, we affirm.

## BACKGROUND

¶2    Bach purchased a home in West Allis in 2004 and obtained a fixed-rate note secured by a mortgage on her home.[2]  She defaulted in her payment obligations around November 2010, and JP Morgan Chase Bank National Association (Chase), her loan servicer at the time, sent her a notice of intent to foreclose.  Bach requested a loan modification, and in a letter dated November 10, 2011, Chase outlined a Trial Period Payment Plan, after which Bach would be considered for a permanent loan modification.  Bach failed to make the first two payments under the plan, and Chase sent Bach another letter dated January 23, 2012, warning Bach that her eligibility for a loan modification was at risk if she

---

[1]  Fannie Mae asserts that Bach has mischaracterized some of her counterclaims and they are more appropriately characterized as affirmative defenses.  For continuity with how they were characterized below, we refer to Bach's arguments as Bach's counterclaims.

[2]  Bach has a second mortgage on her home and asserts that the second mortgage is at issue in these proceedings.  The second mortgage, however, is not at issue in these proceedings, and as evidenced by the documents included with the complaint, the present foreclosure action filed by Fannie Mae involves only the first mortgage.

did not make her payments under the plan. Bach then made a payment of $1,877.70 on January 30, 2012, and subsequently made monthly payments in the amount of $625.90.

¶3 Bach filed for Chapter 7 bankruptcy on January 17, 2012. After Chase was notified of the bankruptcy proceedings, it sent Bach a letter dated January 20, 2012, in which it stated that if Bach intended to reaffirm her debt in the bankruptcy proceedings, she would be required to file a reaffirmation agreement within sixty days after the first creditors meeting. Chase further informed Bach that if she failed to file a reaffirmation agreement, "the loan will be treated as discharged upon receipt of the Chapter 7 discharge." Bach was later discharged from bankruptcy on April 23, 2012.[3] She also did not file a reaffirmation agreement.

¶4 On May 30, 2012, Chase filed a foreclosure action against Bach.[4] Bach filed several counterclaims, and Chase filed a motion to dismiss them.

---

[3] Bach later filed a motion to reopen the bankruptcy proceedings to "make clear her full first and second mortgage were discharged in her 2012 Chapter 7 bankruptcy." The bankruptcy court denied Bach's motion as "futile" because the court "cannot provide the relief the debtor seeks." The court specifically stated, "Although the debtor did receive a Chapter 7 discharge of her personal liability, the mortgages were not discharged, and the lien on the debtor's property remained after the debtor received the Chapter 7 discharge."

[4] The Honorable Daniel A. Noonan presided over the foreclosure action filed by Chase on May 30, 2012, as Milwaukee County Circuit Court Case No. 2012CV5927. The Honorable Stephanie Rothstein presided over the present foreclosure action filed by Fannie Mae. We refer to Judge Noonan as the trial court and Judge Rothstein as the circuit court.

The Honorable Paul R. Van Grunsven presided over another foreclosure action involving the second mortgage. This action was also filed by Chase as Milwaukee County Circuit Court Case No. 2011CV8071, but it was voluntarily dismissed. The dismissal was summarily affirmed in *JP Morgan Chase Bank, NA v. Bach*, No. 2012AP2283, unpublished op. and order (WI App May 22, 2013).

(continued)

Bach's counterclaims included claims for breach of contract and promissory estoppel based on Bach's allegation that a Chase representative told Bach to fall behind in making her monthly payments in order to be eligible for a loan modification, a claim for unjust enrichment, a "tort claim" for money damages, claims asserting violations of the Fair Debt Collection Practices Act (FDCPA) and the Wisconsin Consumer Act (WCA) for allegedly harassing phone calls made by Chase to Bach about her mortgage, and a claim for negligent infliction of emotional distress. Bach ultimately withdrew her "tort claim for money damages" and her WCA claim, and she agreed to dismiss her claim for unjust enrichment without prejudice. The trial court also dismissed Bach's claim for negligent infliction of emotional distress, but it allowed Bach's claims for breach of contract, equitable estoppel, and a violation of the FDCPA to go to trial.

¶5 The trial court held a bench trial in August 2014, after which it found that Chase had not breached any sort of contract that it had with Bach and that Chase had not violated the FDCPA. The trial court did, however, find in Bach's favor regarding her claim for promissory estoppel and required Chase to offer Bach a loan modification based on Bach having made the trial period payments as required under the plan. The trial court's order was affirmed on appeal. *See JP Morgan Chase Bank Nat'l Ass'n v. Bach* (*Bach I*), No. 2014AP2781, unpublished slip op. (WI App June 14, 2017). Subsequently,

---

Pursuant to Bach's motion to supplement the record on appeal, the records of both Case Nos. 2011CV8071 and 2012CV5927 were made a part of this appellate record.

Bach refused the loan modification, and then Fannie Mae filed the foreclosure action that underlies this appeal on April 30, 2018.[5]

¶6    Bach filed several counterclaims in response to Fannie Mae's foreclosure action.  In Bach's first counterclaim, she asserted that Fannie Mae's current foreclosure action was illegal because she had a contract with Chase and her "mortgage" was discharged in the bankruptcy proceedings.  Her second counterclaim asserted that Fannie Mae's foreclosure action was barred by the statute of limitations found in WIS. STAT. § 893.43 (2019-20).[6]    The third counterclaim alleged unjust enrichment, equitable estoppel, and fraud.  The fourth counterclaim asserted a breach of contract claim.  The fifth counterclaim asserted violations of the FDCPA, the Telephone Consumer Act (TCA), the Multistate National Mortgage Settlement Agreement, and state law.  The sixth counterclaim asserted a claim for negligent infliction of emotional distress.

¶7    Fannie Mae moved to dismiss Bach's counterclaims and for summary judgment of foreclosure, and the circuit court granted Fannie Mae's motions.  The circuit court found that Bach's first two counterclaims failed as a matter of law.  As to Bach's first counterclaim, the circuit court found that Bach failed to put forth any legal authority to support her claim that Fannie Mae's foreclosure action was illegal and rather, found that Fannie Mae's foreclosure action was legitimate under Wisconsin law.  As to Bach's second counterclaim,

_____

[5] Chase assigned the mortgage to Fannie Mae on April 19, 2018.  Additionally, Bach does not raise any argument that Fannie Mae cannot be considered the same party as Chase for purposes of claim preclusion.  Thus, we consider Fannie Mae to be in the same position as Chase, and the same party for purposes of this appeal and for the application of claim preclusion.

[6] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

the circuit court found that the statute of limitations upon which Bach's argument rested did not apply to foreclosure actions. The circuit court also addressed Bach's remaining counterclaims and dismissed them because it found that the claims rested on the same set of operative facts and claims that were involved in the previous litigation and were, therefore, barred.

¶8    Bach now appeals.

## DISCUSSION

¶9    "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted). "[W]e accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom." *Id.* Whether a claim is sufficient to withstand a motion to dismiss is a question of law that we review *de novo*. *Hermann v. Town of Delavan*, 215 Wis. 2d 370, 378, 572 N.W.2d 855 (1998).

¶10    On appeal, Bach argues that the circuit court erroneously dismissed her counterclaims and granted a judgment of foreclosure to Fannie Mae. She requests that we deny the confirmation of the sale of her home and award her damages. Fannie Mae argues that the circuit court properly dismissed Bach's claims because they were already litigated in the prior foreclosure action and, what

claims are not barred by the prior foreclosure action, fail on their merits.[7] We address each argument in turn.

## I. Discharge of Mortgage in Bankruptcy

¶11     Bach argues that Fannie Mae cannot bring this foreclosure action because her mortgage was discharged in the prior bankruptcy proceedings, making this foreclosure action illegal. However, in making this argument, Bach fails to provide any legal authority to support her position that the January 20, 2012 letter from Chase created a contract stating that her bankruptcy discharged her mortgage, and we will not do so for her. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶12     Additionally, the January 20, 2012 letter from Chase that Bach relies on in arguing that Chase made her an offer to discharge her mortgage in bankruptcy clearly states that her "loan" would be treated as discharged if she failed to file a reaffirmation agreement within sixty days. The "loan" is separate and distinct from the "mortgage," and Bach fails to provide any support to overcome that distinction. *See Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991) (explaining that a discharge in a Chapter 7 bankruptcy proceeding "extinguishes *only* 'the personal liability of the debtor,'" and "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy" (citation omitted)).

---

[7] Fannie Mae argues that Bach's counterclaims that do not fail on their merits are barred by the doctrines of *res judicata* and collateral estoppel. We use the terms claim preclusion and issue preclusion in Wisconsin, and we rely on the doctrine of claim preclusion here. *See Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 549-50, 525 N.W.2d 723 (1995).

¶13     Furthermore, we note that Bach unsuccessfully tried to reopen the bankruptcy proceedings specifically to have the bankruptcy court's order modified to state that her mortgage was discharged as a result of the bankruptcy proceedings.  Bach's motion was denied for the very reason that the ability to foreclose survives Chapter 7 bankruptcy proceedings.  To the extent that Bach argues that the bankruptcy court's order was incorrect in so stating, this court has no authority to modify the bankruptcy court's order.  *See* 28 U.S.C. § 158.  Accordingly, we conclude that the circuit court did not err when it rejected Bach's claim that Fannie Mae could not bring this foreclosure action because her mortgage was discharged in the bankruptcy proceedings.

### II.     Foreclosure Barred by Statute of Limitations

¶14     Bach also argues that the six-year statute of limitations for contract actions found in WIS. STAT. § 893.43 applies to the foreclosure action brought here by Fannie Mae and bars this proceeding.  Citing to **Wiswell v. Baxter**, 20 Wis. 680, 681-82 (1866), Fannie Mae argues that the statute of limitations for contract actions does not apply to a foreclosure proceeding such as the one here.  Bach concedes that this is the case and argues that we should change the law "in the light of today's foreclosure crisis" and considering that times have changed since 1866.

¶15     We do not accept Bach's invitation to change the law.  As Fannie Mae points out, it is well settled that the six-year statute of limitations applicable to contract claims does not apply to a foreclosure proceeding.  *See **Bank of N.Y. Mellon v. Klomsten**, 2018 WI App 25, ¶¶16-19, 381 Wis. 2d 218, 911 N.W.2d 364.  We will not upset this well settled point of law, nor are we able to do so.  *See **Cook v. Cook**, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997).  Thus, we

conclude that the circuit court properly dismissed Bach's counterclaim alleging that Fannie Mae's foreclosure action was barred by the statute of limitations found in WIS. STAT. § 893.43.

### III. Unjust Enrichment, Equitable Estoppel, Fraud, and Other Equitable Claims

¶16 Bach next argues that she was encouraged by a Chase representative to stop making payments on her mortgage so that she might become eligible for a loan modification. Based on this alleged encouragement by Chase to stop paying her mortgage, Bach raised several equitable counterclaims in this foreclosure action, including unjust enrichment, equitable estoppel, and fraud. We do not reach the merits of Bach's arguments because they were raised in the prior foreclosure action and they are, therefore, barred by the previous litigation. *See Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995) ("[A] final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings." (citation omitted)). Indeed, these are many of the same claims that Bach raised in the prior foreclosure action, and they are based on the same alleged statements by the Chase representative. Consequently, we conclude that the circuit court properly dismissed these claims.

¶17 Furthermore, to the extent that Bach makes an argument that Fannie Mae (as well as Chase) has unclean hands as a result of alleged representations made to her by a Chase representative to stop paying her mortgage in order to become eligible for a loan modification, we first note that the trial court found no evidence of any such statements by a Chase representative when it conducted the bench trial in 2014, and the trial court's finding of fact was affirmed by this court. *Bach I*, No. 2014AP2781, ¶¶20-21. Bach has not overcome this factual finding,

and without any proof of alleged statements to stop paying her loans, her claim of unclean hands fails. Nonetheless, we also do not address Bach's argument of unclean hands because we conclude that it could have been brought in the previous foreclosure action which involved the same facts and similar claims and is therefore barred in this proceeding. *See Bugher*, 189 Wis. 2d at 554 ("[I]f both suits arise from the same transaction, incident or factual situation, [claim preclusion] generally will bar the second suit." (citation omitted)).

## IV.    Breach of Contract

¶18    Bach additionally argues that Fannie Mae's foreclosure action constitutes a breach of contract, and she relies on the January 23, 2012 letter that Chase sent to her as the contract that gives rise to this claim.[8] This claim also fails because Bach raised this same argument in the prior foreclosure action. *See Bach I*, No. 2014AP2781, ¶¶9-10. In fact, as Fannie Mae argues, Bach's breach of contract claim is "virtually identical" to the claim raised in the prior foreclosure action. Moreover, we note that the trial court specifically found that the January 23, 2012 letter is not a contract, this finding was upheld on appeal, and Bach fails to provide any reason to refute the previous conclusion that the January 23, 2012 letter does not constitute a contract. *See Bach I*, No. 2014AP781, ¶¶9-10. Her breach of contract counterclaim was, therefore, properly dismissed by the circuit court as barred by the previous foreclosure action. *See Bugher*, 189 Wis. 2d at 550.

---

[8] Bach argues that *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012), is "binding federal court precedent[]" that requires us to conclude that the January 23, 2012 letter was a contract. We reject Bach's argument because *Wigod* is not binding authority on this court.

¶19    Relatedly, Bach also argues that Chase withdrew the loan modification offered to her in the January letters in retaliation for her filing bankruptcy proceedings and we should correct this error by dismissing the foreclosure action and awarding her damages.  Bach never raised this argument for retaliation below and cannot now raise such a claim of retaliation for the first time on appeal.  *See State v. Caban*, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997) ("The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal.").  Additionally, Bach's statements as to why Chase cancelled the loan modification are conclusory, undeveloped, and find no support in the record.  Therefore, we will not address them further.  *See Pettit*, 171 Wis. 2d at 646-47.

### V.    Violations of the FDCPA, the TCA, the Multistate National Mortgage Settlement Agreement, and Other State Law

¶20    Bach raises several claims based on allegedly harassing phone calls regarding her payments on her mortgage loan, and she alleges that these calls violated the FDCPA, *see* 15 U.S.C. § 1692 et seq., the TCA, *see* 47 U.S.C. § 227, the Multistate National Mortgage Settlement Agreement, and other state laws. The calls that Bach relies on as the factual basis for her claimed violations were raised in the previous foreclosure action and cannot, therefore, serve as the basis of her claims now.  *See Bugher*, 189 Wis. 2d at 554.  Indeed, her claims here arise from the same set of operative facts involved in the prior foreclosure action in which she alleged that the phone calls violated the FDCPA and the WCA.  *See Bach I*, No. 2014AP2781, ¶¶5, 11.  Consequently, we conclude that the circuit court did not err when it dismissed Bach's claims.

¶21 Bach further argues this point by asserting that new evidence in the form of additional harassing phone calls that occurred after the circuit court's ruling requires reconsideration of her claims stemming from these phone calls. We do not agree. As Fannie Mae argues and Bach concedes in her reply brief, she did not follow the appropriate procedure for the consideration of new evidence by the circuit court. Thus, we do not consider these phone calls further. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that the failure to refute a proposition asserted in a response brief may be taken as a concession).

### VI.    Negligent Infliction of Emotional Distress

¶22 Bach further argues that she is entitled to damages for negligent infliction of emotional distress because Fannie Mae's foreclosure action caused her to be so frightened and stressed that she lost sleep, gained weight, sought counseling, and generally lacked enjoyment in her life. Again, we conclude that this claim is barred by the previous litigation. *See Bugher*, 189 Wis. 2d at 550. Bach raised this exact claim in the prior foreclosure action, and it was dismissed by the trial court. *See Bach I*, No. 2014AP2781, ¶25 n.14. We, thus, conclude that the circuit court properly dismissed Bach's counterclaim for negligent infliction of emotional distress.

### CONCLUSION

¶23 In sum, we conclude that the circuit court did not err when it dismissed Bach's counterclaims. To the extent that Bach has raised additional arguments that we have not expressly addressed above, including references to arguments regarding violations of due process and equal protection, that Chase was not operating in good faith, and that we should consider her disability and her

son's incompetency as part of these proceedings, we summarily deny her arguments as undeveloped and not properly supported by legal authority. *See Pettit*, 171 Wis. 2d at 646-47. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.