E. A. CRAM ET AL., APPELLANTS, V. NATHAN B. COTRELL ET AL., APPELLEES.

FILED MAY 20, 1896. No. 6588.

1. **Mortgages:** ASSIGNMENT OF ONE OF SEVERAL NOTES. The assignment of a debt secured by mortgage carries the mortgage with it without any assignment of the mortgage itself, and where there are several notes secured by the same mortgage, the assignment of one operates as an assignment of a proportionate interest in the mortgage. *Webb v. Hoselton*, 4 Neb., 308, and *Studebaker Bros. Mfg. Co. v. McCargur*, 20 Neb., 500, followed.

2. ———: ASSIGNMENT OF DEBT: RIGHTS OF PURCHASER. Where the mortgage debt has been assigned, a purchaser in good faith without notice of the assignment will be protected by a release of the mortgage executed by the original mortgagee. *Whipple v. Fowler*, 41 Neb., 675, followed.

3. ———: RIGHTS OF JUNIOR MORTGAGEE. A junior mortgagee who has not been made a party to a proceeding foreclosing a senior mortgage is entitled thereafter to redeem such senior mortgage from the purchaser at judicial sale. *Renard v. Brown*, 7 Neb., 449, followed.

4. ———: ———. Redemption is in such case a matter of right, and the court may not deny such right, because its exercise would be unprofitable.

5. **Improvements:** MORTGAGES: JUDICIAL SALES: RIGHTS OF PURCHASERS. For the purpose of redemption a purchaser in good faith at the judicial sale, believing he has a good title, will be entitled to credit for improvements made upon the property; but one who buys with notice of the facts is not a purchaser in good faith within the meaning of the rule, and is not entitled to such credit. *Higginbottom v. Benson*, 24 Neb., 461, distinguished.

APPEAL from the district court of Butler county. Heard below before WHEELER, J.

*W. W. Stowell*, for appellants.

*A. J. Evans* and *E. W. Hale, contra.*

IRVINE, C.

Prior to June, 1890, Nathan B. Cotrell was the owner of a certain lot in David City, upon which there was a

mortgage in favor of William Stoddar.    In June, 1890,
Cotrell conveyed the premises to Catherine Neihardt, she
and her husband executing as part of the purchase price
three notes, and a mortgage securing such notes upon the
same premises.    In August, Cotrell sold one of the notes
to Cram and Myatt.    In December, Catherine Neihardt
sold the property to Sylvester Youker.    In connection
with this transaction the Neihardts executed a convey-
ance of the property to Youker, December 11.    On the
same day Cotrell entered a marginal release of his mort-
gage.    Youker executed a mortgage for $1,500 to the
Security Savings Bank, and Stoddar released his first
mortgage and took another, junior to that of the savings
bank, for $900.    Cram and Myatt then began this action
against Cotrell, Youker, Stoddar, and the savings bank,
setting up that at the time of the transactions referred to
Youker and Stoddar knew that the plaintiffs were the
owners of one of the Cotrell notes and that Cotrell had no
authority to release the mortgage, and praying that the
release be canceled in so far as it affected the plaintiffs'
interest, and for general relief.    It is not contended that
the savings bank had any notice of the plaintiffs' rights,
and it was conceded that its mortgage was superior to
plaintiffs'.    A default was entered against all the defend-
ants, but no decree rendered thereon.    Subsequently
Stoddar appeared, and on his motion the default as to
him was set aside and he was permitted to answer.    The
answer put in issue the claim of the plaintiffs; denied
that Stoddar had any notice of their interest in the mort-
gage, and alleged that Stoddar released his former mort-
gage and took the latter one relying upon Cotrell's
release of record.    Subsequently Stoddar filed a supple-
mental answer alleging that since the filing of his former
answer his mortgage had been foreclosed and that he
had purchased the mortgaged premises at the foreclosure
sale and had later conveyed the same to his wife; that
at the sale the premises did not bring enough to satisfy
his mortgage; that the improvements had prior to the

foreclosure been destroyed by fire, and that since purchasing the property Stoddar had expended $2,000 in the erection of a hotel thereon; that the plaintiffs had notice of the pendency of said foreclosure proceedings and of said sale. There was a reply to this supplemental answer, but it is not necessary here to set it forth. The court found the issues in favor of Stoddar and dismissed the case. Plaintiffs appeal.

It is elementary law that the transfer of a note secured by mortgage transfers the mortgage security to the purchaser without any assignment of the mortgage itself, and that where there are several notes secured by the same mortgage the assignment of one of the notes is an assignment of a proportionate interest in the mortgage. (*Webb v. Hoselton,* 4 Neb., 308; *Studebaker Bros. Mfg. Co. v. McCargur,* 20 Neb., 500.) By the assignment of one of the three notes by Cotrell to the plaintiffs they therefore became entitled to the benefits of the mortgage, and Cotrell was, after the assignment, without any authority to release the mortgage so as to deprive plaintiffs of their security. Nevertheless, the entry of satisfaction by the original mortgagee will protect a subsequent mortgagee in good faith without notice of the fact that the debt was assigned or the release unauthorized. (*Whipple v. Fowler,* 41 Neb., 675; *Mathews v. Jones,* 47 Neb., 616.) In the case cited certain earlier cases which might be taken to imply a different rule were distinguished. In addition to those cases the case of *Bridges v. Bidwell,* 20 Neb., 185, seems to afford some color to a contrary rule; but in that case the mortgage remained of record unsatisfied, and a third person, with such mortgage standing unsatisfied of record, took a joint conveyance from the mortgagor and the mortgagee. It is quite evident that the case proceeded upon the ground that the purchaser was charged with notice of the assignee's rights from the fact that the mortgage appeared of record unsatisfied. We think, therefore, that the rule in *Whipple v. Fowler, supra,* is not in conflict with any other decisions and it should be ad-

hered to.   The question whether Stoddar at the time he
took his second mortgage did so in good faith, without
notice of the plaintiffs' rights or Cotrell's want of au-
thority, is, therefore, the controlling question as to the
relative priority of his and plaintiffs' mortgage.   The
court found in favor of Stoddar, and while from a review
of the evidence it seems to the writer that this finding
was not in accordance with the preponderance of proof,
still the evidence was conflicting, and in view of the su-
perior facilities possessed by the trial court for weighing
the evidence and the firmly established rule of this court,
the finding cannot be disturbed.   It does not follow, how-
ever, that the court was justified in dismissing the case.
The plaintiffs' cause of action stood confessed by all the
defendants except Stoddar, and it is quite clear that but
for the facts set up in the supplemental answer the plaint-
iffs were entitled to a decree re-establishing the Cotrell
mortgage as security to the plaintiffs' note, but junior to
the Stoddar mortgage.

The plaintiffs complain that the court erred in permit-
ting the supplemental answer to be filed.   There was no
error in this, because while the facts therein set up con-
stituted no defense to the action, they did, as will now be
stated, require the relief granted plaintiffs to be different
from that which should have been granted in the absence
of such facts.   The plaintiffs urge that there was no proof
offered in support of some of the averments of the supple-
mental answer; but the reply thereto, either by a failure
to deny or by negatives pregnant, admits all the essential
averments.   The plaintiffs were not made parties to the
foreclosure suit, and were not bound by those proceed-
ings.   The mere fact that they had notice of its pendency
did not make them parties or bind them by the decree.
This is elementary.   The foreclosure and sale were there-
fore utterly ineffectual to bar plaintiffs' mortgage.   A
junior mortgagee who has not been made a party to the
proceeding foreclosing the senior mortgage has there-
after a right to redeem from such senior mortgage.

(*Renard v. Brown*, 7 Neb., 449.) Therefore, when this foreclosure was properly pleaded in the present case, the facts demanded that the plaintiffs, instead of merely having their mortgage re-established, should be permitted to redeem the Stoddar mortgage. Why the court denied this relief and denied plaintiffs any relief the record does not inform us. It is, however, argued in support of the action of the trial court that the proof showed that the land had not sold for sufficient at the foreclosure sale to pay the Stoddar mortgage, and that in order to redeem the plaintiffs would not only be compelled to discharge this mortgage, but would also be compelled to reimburse Stoddar for the improvements made upon the land. To this argument there are at least two answers. In the first place the plaintiffs had a legal right to redeem, whether or not the exercise of that right would be profitable to them. It was for them to determine whether they should exercise the right, and not for the court to deny them the right, because in its opinion its exercise would not be profitable. In the second place, it is not true in this case that in redeeming Stoddar would be entitled to a credit for the improvements made by him. The case of *Higginbottom v. Benson*, 24 Neb., 461, relied upon by Stoddar as supporting that position, was a very different case. The rule there laid down was that where the purchaser at a judicial sale bought in good faith, believing he was getting a perfect title, he would be entitled to a credit for the improvements. Stoddar was not a purchaser in good faith within the meaning of this rule. If he did not know of plaintiffs' rights when he took the mortgage, he learned them within a very few days thereafter. At the time of the foreclosure sale this very suit was pending in which he is a party. He had full notice of all the facts. A mistake of law would not protect him.

The judgment of the district court is reversed and the cause remanded, with directions to take an account of the amount due upon the Stoddar mortgage and to permit the plaintiffs to redeem.

REVERSED AND REMANDED.