EDWARD BULLOCK, APPELLEE, v. WILLIAM J. POCK ET AL., IMPLEADED WITH J. A. GEORGE, APPELLANT.

FILED FEBRUARY 9, 1899.   No. 8623.

Release of Mortgage: INNOCENT PURCHASER. Where a debt secured by mortgage has been assigned, but no assignment of the mortgage placed on record, an innocent purchaser of the mortgaged premises will be protected by a release of the mortgage executed by the original mortgagee. *Whipple v. Fowler*, 41 Neb. 675, followed.

APPEAL from the district court of Dodge county. Heard below before MARSHALL, J. *Reversed.*

*W. J. Courtright,* for appellant.

*Stinson & Martin,* contra:

The fraudulent release, like a forged release, furnishes no protection to a bona fide purchaser. (*Keller v. Hannah,* 52 Mich. 535; *Baily v. Smith,* 14 O. St. 396.)

Assignments are not within the recording acts. (Martindale, Conveyancing [2d ed.] sec. 471; *Powell v. Webster,* 4 Rawle [Pa.] 247; *Mott v. Clark,* 9 Pa. St. 399; *Reeves v. Hayes,* 95 Ind. 527; *Bamberger v. Geiser,* 33 Pac. Rep. [Ore.] 609; *Oregon Trust Co. v. Shaw,* 5 Sawyer [U. S.]

340; *Mead v. Leavitt*, 59 N. H. 476; *Heyder v. Excelsior Building & Loan Ass'n*, 42 N. J. Eq. 407.)

IRVINE, C.

February 10, 1892, Frederick W. Rhodes, being the owner of certain real estate in the city of Fremont, conveyed the same to William J. Pock, and Pock executed to Rhodes his notes and a mortgage on the premises for the unpaid purchase-money. This mortgage was duly recorded. Thereafter, on May 7, 1892, Rhodes sold the notes to Bullock, but no assignment of the mortgage was recorded, nor was any executed. In the meantime Pock had conveyed the land to Smith. January 20, 1893, Rhodes, the original mortgagee, executed a release of the mortgage which was, June 10, 1893, recorded. July 1, 1893, J. A. George purchased the land from Smith and received a conveyance, he having no notice that the notes had been sold by Rhodes, making the purchase in reliance on the release of the mortgage appearing of record. The mortgage had not in fact been paid. Bullock brought this suit against George and others to foreclose the mortgage. George by cross-petition sought to quiet his title against the mortgagee. Issues were joined and a decree entered in favor of Bullock foreclosing the mortgage. The foregoing statement of facts is taken from the special findings of the trial court, which are conceded to be correct.

It has several times been held by this court that where notes secured by a mortgage have been sold, but not in fact satisfied, nevertheless the entry of satisfaction by the original mortgagee, no assignment of the mortgage being of record, protects a purchaser for value without notice, against the mortgage. (*Whipple v. Fowler*, 41 Neb. 675; *Cram v. Cottrell*, 48 Neb. 646; *Porter v. Ourada*, 51 Neb. 510.) It is conceded that if these decisions be adhered to, the judgment must be reversed. But counsel, with much ability, attack the correctness of the decisions, and ask that they be overruled. After the careful consid-

Bullock v. Pock.

eration demanded by the nature of the argument, we remain convinced of the correctness of the prior decisions, and adhere to the rule there announced. They are chiefly attacked on the ground that they are based on precedents in states where a mortgage passes the legal title. It is admitted that where such is the effect of a mortgage the rule is correct, because the legal title passing to the mortgagee, it can pass from him to a third person only by a. written conveyance in proper form, and therefore a purchaser may rely on the record. But it is said that in this state a mortgage creates only a lien, that the debt is the principal thing, and that by the transfer of the evidence of debt the mortgage itself passes. In seeking to draw the distinction counsel overlook the fact that although in this state a mortgage creates only a lien, nevertheless the provisions of the statute of frauds apply equally to transfers of title and to mortgages, as do in fact the recording acts. The fundamental principle of the decisions is that by failing to take and cause to be recorded an assignment of the mortgage, the assignee has left it in the power of the original mortgagee to apparently discharge the mortgage,—that is, with apparent authority to make the record show its discharge,—and that, when this occurs, an innocent purchaser relying on the record should be protected by the doctrine of equitable estoppel, and not merely by the operation of technical rules with reference to transfers of title. The judgment of the district court is reversed and the case remanded with directions to dismiss the petition for foreclosure, and quiet the title in George as prayed.

REVERSED AND REMANDED.