MARLING, Respondent, vs. NOMMENSEN, imp., Appellant.

*February 5—February 23, 1906.*

*Negotiable instruments: Payment to other than holder: Agency: Mortgages: Payment to mortgagee after undisclosed assignment: Assumption of mortgage debt: Recording of instruments: Notice: Statutes: Estoppel.*

1. The maker of a negotiable promissory note can satisfy it only by payment to the owner at the time or to such owner's authorized agent. If the recipient of the money is not actually authorized the payment is ineffectual, unless induced by unambiguous direction from the owner or justified by actual possession of the note.
2. Such rule applies generally to all negotiable paper independently of the existence of any mortgage or other security.
3. Such rule seems to be without applicability to defeat effectiveness

of payment to the original mortgagee, as against an unknown assignee, where other than negotiable instruments are involved.

·4. Where a vendee of lands, at the time of bargaining for the premises, was given the option to buy the premises subject to a mortgage, in that case assuming the debt, or to buy clear of the mortgage upon the payment of the entire sale price to the vendor, and the vendee elected to do the latter, the vendee, as between himself and his vendor, does not become liable for the mortgage debt.

5. Sec. 2241, Stats. 1898, declaring void any unrecorded conveyance as against a subsequent purchaser whose conveyance shall first be duly recorded, does not exclude all other adverse effect than that which it denounces against one who neglects to place his conveyance on record.

·6. One who acts inconsistently with the truth under such circumstances that, as a reasonable person, he ought to anticipate that another is likely to change his position in reliance on such conduct, will be estopped to assert the truth to the injury of such other.

·7. Since the adoption of the system of public registry of conveyances, the custom of prompt registration is so nearly universal that omission may be held to be neglect of those precautions customarily taken to assert a grantee's rights in land, and hence it is to be expected that one receiving a conveyance will act confidently on the assumption that all rights will appear from such record.

·8. Plaintiff, owning a mortgage by an unrecorded assignment, knew that the land was held by a dealer in real estate with consequent likelihood of its sale, and it was apparent to the assignee that the record advertised the mortgagee as the person to whom a purchaser must apply, either to clear the title from the lien of the mortgage or for information as to the validity or amount of the lien. *Held*, that the assignee thereby negligently placed it in the mortgagee's power to deceive or mislead a purchaser, who, both by law and custom, would have a right to rely upon the record.

·9. Such withholding of the assignment from record was a persistent declaration to all persons dealing merely with the title that the mortgagee owned the mortgage.

10. A mortgage on lands owned by a dealer in real estate was assigned to plaintiff by the mortgagee prior to a sale of the lands to defendant. The vendee in such sale had the option to assume the mortgage as part of the purchase money, or buy clear of the mortgage upon payment to the vendor of the entire sale price, and elected to do the latter. At the time of the consummation

Marling v. Nommensen, 127 Wis. 363.

of the sale the vendor paid to the mortgagee the amount of the·
mortgage and obtained from him a satisfaction of the mortgage,
the mortgagee promising to obtain and surrender the mortgage
and note within a few days, which he failed to do, but instead.
absconded, a defaulter. The satisfaction piece was delivered to
the defendant and recorded before plaintiff's assignment was
recorded. There was nothing to impugn defendant's good faith,.
and she paid the full price for the land in reliance upon her
attorney's examination of an abstract showing only the mort-
gage, the satisfaction of which was delivered at the same time..
*Held*, that plaintiff was estopped, as against defendant, to deny.
the mortgagee's continued ownership and authority to dis-
charge the mortgage, and that therefore defendant held the·
land discharged from the lien of the mortgage.

APPEAL from a judgment of the circuit court for Mil-
waukee county: LAWRENCE W. HALSEY, Circuit Judge. *Re-·
versed.*

On November 3, 1897, the defendant Milwaukee Realty
Company executed its negotiable note and a mortgage secur-
ing the same upon certain premises in Milwaukee to Henry
Herman. Said note was guaranteed by the defendants Agnew.
and Maynard. On December 10, 1897, Herman duly trans-
ferred said note and mortgage to the plaintiff, delivering the
same to her with a written assignment, which she thereafter·
always retained, but did not record the assignment until.
April 17, 1903. On July 5, 1902, the Milwaukee Realty
Company agreed on a sale of said property to the appellant..
She paid $10 down, and received a receipt in the following·
words:

"July 5/02.

"Received of B. Nommensen Ten Dollars to apply on pur-
chase of No. 180 Chambers St. (40 x 60 ft.) Total purchase·
price of said premises being $2950. net. There being on
said premises a mortgage of $1800, which said Nommensen·
or his assigns agrees to assume as part of the purchase price
of said premises. The balance of said purchase price shall
be paid as follows: $240. July 7/02, $320. July 8/02 &
$580. August 30/02, or the said. Nommensen may pay all
of the balance of said purchase price, viz. $2940. on or be-

fore Sept. 1st/02.  Land contract and abstract of title will be
furnished at any time on demand, all deferred payments to
bear interest at the rate of 6 % per annum.

"A. D. AGNEW."

Appellant notified the realty company of her election to
pay the whole purchase price and receive a clear title to the
premises, and on September 12, 1902, paid the balance then
remaining, together with interest, amounting to $2,402.  Her
attorney, who accompanied her, examined the abstract, and
discovered the mortgage in question running to Henry Her-
man, and the realty company, acting by Agnew, delivered
Herman's release.  The attorney asked for the note and mort-
gage, and was told that Herman would send them to Agnew
within a few days, whereupon appellant could call for them.
On such assurance title was accepted in reliance on the ab-
stract and the release, a warranty deed being made by the
realty company to appellant.  Such release of mortgage and
the deed were recorded, respectively, May 8, 1903, and July
6, 1903.  The release was obtained by Agnew from Henry
Herman by payment to him of the amount of the mortgage by
the Milwaukee Realty Company.  He informed Agnew that
he did·not then have in his possession said note and mortgage,
but promised to obtain them within a few days.  In the spring
of 1903 Herman absconded, a defaulter.  Appellant has been
in possession of the premises by the collection of rents ever
since the purchase in July, 1902.  None of the defendants
had any knowledge of the transfer of the mortgage to plaintiff,
nor had plaintiff any knowledge of the purchase of·the prem-
ises by appellant or of the payment of the mortgage to Her-
man.  She had never given Herman any authority to collect
it.  Plaintiff commenced this action to foreclose said mort-
gage, demanding deficiency judgment against defendants Mil-
waukee Realty Company, Maynard, and Agnew.  Appellant
set up the discharge, both as a defense and as a counterclaim,
with prayer for quieting her title against plaintiff.  Upon

findings substantially in accordance with the facts above stated, judgment was entered in accordance with the prayer of the complaint, from which the defendant *Nommensen* appeals.

For the appellant there was a brief by *Lenicheck, Fairchild & Boesel,* and oral argument by *F. T. Boesel.*

For the respondent there was a brief by *Turner, Hunter, Pease & Turner,* and oral argument by *L. S. Pease.*

Dodge, J. Appellant contends for reversal upon two theories: First, that the debt secured by plaintiff's mortgage is paid and the mortgage, therefore, discharged; and, secondly, on the ground that she is estopped to set up such mortgage against appellant, even if the debt be not paid. The first ground is fully negatived by our former decisions. The maker of a negotiable promissory note can satisfy it only by payment to the owner at the time or to such owner's authorized agent. If the recipient of the money is not actually authorized the payment is ineffectual, unless induced by unambiguous direction from the owner or justified by actual possession of the note. This rule applies generally to all negotiable paper independently of the existence of any mortgage or other security. 3 Randolph, Com. Paper, §§ 1444, 1450; *Bartel v. Brown,* 104 Wis. 493, 80 N. W. 801; *Kohl v. Beach,* 107 Wis. 409, 83 N. W. 657; *Loizeaux v. Fremder,* 123 Wis. 193, 101 N. W. 423; *Biggerstaff v. Marston,* 161 Mass. 101, 36 N. E. 785; *Murphy v. Barnard,* 162 Mass. 72, 38 N. E. 29; *Bromley v. Lathrop,* 105 Mich. 492, 63 N. W. 510; *Church Asso. v. Walton,* 114 Mich. 677, 72 N. W. 998; *Hollinshead v. Stuart & Co.* 8 N. Dak. 35, 77 N. W. 89; *Manhattan Co. v. Reynolds,* 2 Hill, 140; *Mitchell v. Bristol,* 10 Wend. 492; *Williams v. Jackson,* 107 U. S. 478, 2 Sup. Ct. 814. Certain cases cited to support effectiveness of payment to original mortgagee as against unknown assignee do not deal at all with negotiable instruments, and, therefore,

are without applicability. *Van Keuren v. Corkins*, 66 N. Y. 77; *Barnes v. Long Island R. E. Exch. & Inv. Co.* 84 N. Y. Supp. 951. Some contention is made that appellant assumed the debt, and that the payment to Herman must be deemed to have been made by her, thus subjecting her to the principle above stated. We are clear, however, that the premise to this reasoning is incorrect. The clear meaning of the receipt given at the time of bargaining for the premises was that appellant might, at her election, buy the premises subject to the mortgage, in that case assuming the debt, or might buy clear of the mortgage upon payment of the entire sale price to the realty company. Beyond dispute she elected to do the latter and, therefore, never became liable for the debt as between herself and her grantor. We do not understand the finding that said written receipt contained words of assumption to mean that appellant agreed to assume. If that be the meaning, it would be contrary to the undisputed evidence.

Turning, then, to the second ground of defense, we must first overrule some contention in appellant's favor based on sec. 2241, Stats. 1898, declaring void any unrecorded conveyance as against a subsequent purchaser "whose conveyance shall first be duly recorded," for the reason that appellant's conveyance, whether the release from Herman or the warranty deed from the Milwaukee Realty Company, was not recorded until after plaintiff's assignment. *Fallass v. Pierce*, 30 Wis. 443; *Potter v. Stransky*, 48 Wis. 235, 4 N. W. 95; *Girardin v. Lampe*, 58 Wis. 267, 16 N. W. 614; *Butler v. Bank of Mazeppa*, 94 Wis. 351, 68 N. W. 998; *Friend v. Yahr*, 126 Wis. 291, 104 N. W. 997. The real question to be considered is whether the statute above mentioned excludes all other adverse effect than that which it denounces against one who neglects to place his conveyance on record. It must be confessed that the final opinion in *Fallass v. Pierce* seems to proceed very much on that assumption, and some facts which might in that case have been urged as arousing estoppel

*in pais* were passed over, and the earlier conveyance sustained notwithstanding. Nevertheless the subject was not discussed, and the case is rather suggestive than decisive. In *Potter v. Stransky,* while the earlier unrecorded conveyance was sustained because the later one was not recorded, as an independent ground, the court dwelt with some industry on the presence of facts which excluded reliance by the second purchaser upon the absence of any record of prior conveyance; and in *Butler v. Bank of Mazeppa* there is intimation that a negligent purchaser might be affected by an estoppel outside the terms of the statute. *Girardin v. Lampe* and *Friend v. Yahr* both presented situations falling within the terms of the statute, the later conveyances being recorded before the earlier ones.

A moment's reflection must convince one that a prior purchaser may, by failure to record his conveyance, certainly in connection with other facts and circumstances, become estopped to rely on it against one whom he has led to believe and act upon its nonexistence, although he should afterwards get his conveyance on record before the later one. Certainly, if the assignee stood by and declared his nonownership to one about to buy or pay a mortgage to the original mortgagee, he would be estopped afterward to assert his assignment. The question, therefore, is whether such acts of either omission or commission are here presented as bring plaintiff within the general doctrine of estoppel. That general doctrine is that he who acts inconsistently with the truth under such circumstances that, as a reasonable person, he ought to anticipate that another is likely to change his position in reliance on such conduct, will be estopped to assert the truth to the injury of such other. *Two Rivers Mfg. Co. v. Day,* 102 Wis. 328, 78 N. W. 440; *Frels v. Little Black F. M. Ins. Co.* 120 Wis. 590, 597, 98 N. W. 522. The question presented, then, is whether plaintiff's act in not recording her assignment could have been anticipated by her as likely to induce

belief in others that Herman still owned it and lead them to act accordingly. Since the adoption of the system of public registry of conveyances, the custom of prompt registration has been so nearly universal that omissions may well be considered neglect of those precautions customarily taken to assert a grantee's rights in the land, and people generally have become accustomed to believe that all rights will so appear and to act confidently on that assumption; hence such conduct is to be expected by one holding an unrecorded conveyance. The land in question was held by a dealer in real estate, so that the likelihood of its sale was apparent to plaintiff. She must realize that, in event of sale, the record advertised Herman as the person to whom a purchaser must apply, either to clear the title from the lien of the mortgage or for information as to the validity or amount of that lien, and, therefore, negligently placed it in Herman's power to deceive or mislead a purchaser, who, both by law and by custom, would have the right to rely on the record. Her withholding her assignment from record was a persistent declaration to all persons dealing merely with the title to realty that Herman owned the mortgage. Of course, as to one dealing with the debt evidenced by a negotiable note, the actual possession by her of such instrument changed the situation; but that has no application to appellant.

The efficacy of a discharge by the record holder of a mortgage in favor of one dealing with the land in reliance thereon is a subject of some conflict of authority, as stated in *Whipple v. Fowler,* 41 Neb. 675, 687, 60 N. W. 15, where cases on both sides are cited, and the rule favoring such efficacy is adopted, in which view the following decisions concur: *Swartz's Ex'rs v. Leist,* 13 Ohio St. 419; *Cram v. Cotrell,* 48 Neb. 646, 67 N. W. 452; *Bullock v. Pock,* 57 Neb. 781, 78 N. W. 261; *Ogle v. Turpin,* 102 Ill. 148; *Havighorst v. Bowen,* 214 Ill. 90, 73 N. E. 402; *Williams v. Jackson,* 107 U. S. 478, 2 Sup. Ct. 814. In the recent case of *Friend v.*

*Yahr,* 126 Wis. 291, 104 N. W. 997, while the decision might have rested upon the statute absolutely avoiding the unrecorded assignment of the mortgage, the subject of estoppel was discussed, and the concurrence of this court with the line of decisions above cited was declared. We still adhere to that view, and feel convinced that plaintiff is estopped to deny, Herman's continued ownership and authority to discharge this mortgage as against a purchaser of the property in good faith relying upon the public records. We can find nothing to impugn appellant's good faith. She paid the full price for the land in reliance upon her attorney's examination of an abstract from the records showing only a mortgage to Herman, his discharge of which was delivered at the same time. The consistency of just such acts with entire good faith is fully declared in *Friend v. Yahr,* as also the immateriality of the fact that the note and mortgage were not exhibited to her. We must therefore conclude that appellant holds the land in question discharged from the lien of plaintiff's mortgage.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with the prayers of appellant's counterclaim, as to her, and for further proceedings according to law.