BECKER, Respondent, vs. BLUEMEL, imp., Appellant.

*October 9—November 7, 1906.*

*Mortgages: Power of agent for collection: Payment: Discharge: Taking new mortgage: Assignment: Consideration: Colorable book entries: Estoppel.*

1. An agent for the collection of a note and mortgage cannot, unless specially authorized, take anything except money in payment.
2. A note and recorded mortgage for $850, given to one K., were assigned, but the assignment was not recorded. The assignee placed them in the hands of an agent for collection, who thereafter accepted as payment thereof a new note and mortgage running to K. for the same amount from grantees of the original mortgagor. The old securities were surrendered, a satisfaction being executed by the agent as attorney in fact for K., but not recorded. The agent had theretofore collected $800 for the defendant J. B., and had been authorized to reloan it. Upon payment of an additional $50 by J. B. the new note and mortgage were assigned to her. The agent did not then have the $800 collected for J. B. and was in fact insolvent. No moneys other than said $50 were in fact received or paid by the agent on account of the transaction, but colorable entries were made on his books crediting the holder of the original note and mortgage with $850, as proceeds of the new note and mortgage, and to the effect that $850 of the money of J. B. had been paid to the new mortgagors and a like sum collected from them in payment of the original note and mortgage. There was no proof that J. B. had been informed that the original mortgage had been discharged. *Held*, that the original note and mort-

gage had not been paid, but were valid, subsisting securities; that the holder thereof was not estopped to assert his rights thereunder as against J. B.; and that the new note and mortgage were void in the hands of J. B., there having been no consideration for them or for their assignment to her.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to foreclose a real-estate mortgage. On May 10, 1900, Herman J. Lindenmann gave a mortgage on real estate he then owned to secure his note for $850, payable to the order of Mary Kurth. C. W. Milbrath, as her attorney in fact, under power of attorney giving authority to make an assignment of this note and mortgage, transferred them by written agreement to Elizabeth Becker, plaintiff's wife. This assignment has not been recorded, and is either lost or destroyed. On August 21, 1905, Elizabeth Becker transferred this note and mortgage by written assignment to the plaintiff. This assignment is unrecorded. After the giving of this mortgage Lindenmann conveyed the premises, subject to the mortgage, to Charles Elsner, who on June 21, 1900, conveyed them by warranty deed to the defendants Haase and Grube, the grantees assuming payment of the debt secured by this mortgage on the land. The note matured May 10, 1905. On May 19, 1905, plaintiff, as agent of his wife, Elizabeth Becker, delivered this note and mortgage to the C. W. Milbrath Company for collection. The Milbrath Company had acted as collecting agents for her of like secured claims, and, whenever so directed, reloaned the proceeds and gave releases to the paying debtors.

In the month of March, 1905, the Milbrath Company received $800 for the defendant *Johanna Bluemel.* This was paid to it on a note and mortgage then due and owned by her and in the hands of the Milbrath Company for collection. Under an agreement with her the company was authorized to reloan the money on real estate for her. The Milbrath Com-

pany entered the receipt of this money in their books of account in the name of *Johanna Bluemel* under "Bills Payable," and as received from the mortgagor of the loan. *Johanna Bluemel* never received this money, or any part thereof, from the Milbrath Company.

About May 25, 1905, Herman J. Lindenmann, the maker of the note and mortgage now sought to be enforced by plaintiff, agreed with the Milbrath Company, for himself and the defendants Haase and Grube, the present owners of the land covered by plaintiff's mortgage, that the present owners should execute a new note for $850 and a new mortgage on the same lands securing its payment, and that such note and mortgage should be received by the Milbrath Company as payment of the plaintiff's note and mortgage. Pursuant to such agreement, on May 25, 1905, Haase and Grube made a note for $850 payable after five years to Mary Kurth, and gave a mortgage on the same premises to Mary Kurth to secure its payment. This note and mortgage they delivered to Herman J. Lindenmann. He delivered them to the Milbrath Company under the arrangement with its officers that such note and mortgage should be received by them in payment of plaintiff's note and mortgage, which they then held for collection as agents of plaintiff's wife, Elizabeth Becker. Upon receipt from Lindenmann by the Milbrath Company of the Haase and Grube note and mortgage, the Milbrath Company, as attorney in fact for Mary Kurth, on May 25, 1905, executed a satisfaction of the note and mortgage now sued on by plaintiff and delivered the note and mortgage to Lindenmann, who ever since has kept them and the satisfaction piece in his possession without placing the satisfaction on record.

The Milbrath Company, at the time of the transaction, had an account upon its ledger in the name of Elizabeth Becker, and therein credited her with $850 as the proceeds of the Haase and Grube note and mortgage, debited their "loan ac-

count" on the books with a like sum, specifying that it pertained to a loan of *"Johanna Bluemel,"* and made other book entries to the effect that they had paid $850 of the money of *Johanna Bluemel* to Haase and Grube, and that they had collected from Haase and Grube a like sum in payment of plaintiff's note and mortgage. No money was in fact received or paid by the Milbrath Company on account of this transaction, except the sum of $50 paid to it by *Johanna Bluemel,* and these entries were in fact, except as to the $50, mere colorable book entries. At the time of these transactions, on or about May 25, 1905, the Milbrath Company did not have the $800 collected by them in March, 1905, for *Johanna Bluemel,* and it was in fact insolvent. It was owing to its clients, who had given it money to invest, an amount exceeding $5,000. The cash it had at this time was deposited to the personal account of C. W. Milbrath, an officer of the company, and was somewhere between $200 and $300 in amount. The company's financial condition did not improve up to the time it went into bankruptcy on the following August 18, 1905.

The note and mortgage for $850, given by Haase and Grube on May 25, 1905, and delivered to the Milbrath Company by Lindenmann in the manner above related, were assigned by the company, in the name of C. W. Milbrath as attorney in fact for Mary Kurth, to *Johanna Bluemel,* and an instrument of assignment, together with such note and mortgage, was delivered to her, and such assignment was duly recorded August 19, 1905. The transfer of the Haase and Grube note and mortgage was conducted by the officers of the Milbrath Company for *Johanna Bluemel.* None of the defendants had actual knowledge of the rights of Elizabeth Becker or of the assignment of the note and mortgage sued on. Elizabeth Becker and the plaintiff had no knowledge of the transactions respecting the execution, delivery, and assignment of the note and mortgage of Haase and Grube given

May 25, 1905, nor of the satisfaction and delivery to Linden-mann of the note and mortgage sued on.

The court found that the plaintiff's note and mortgage had never been paid or discharged, and that notice of *lis pendens* was duly filed at the commencement of the action August 23, 1905, and decreed that the full amount of the principal and interest due on the note be recovered by the plaintiff, that foreclosure of all the right, title, and interest of the defend-ants in and to the lands be had, that Herman J. Lindenmann deliver the note and mortgage to the clerk of the court for the use of the plaintiff and *Johanna Bluemel,* that the satisfac-tion of them as executed by C. W. Milbrath, as attorney in fact for Mary Kurth, be canceled and held for naught, and the Haase and Grube note and mortgage, now held by *Jo-hanna Bluemel,* to be without consideration and void, and that they should be canceled. From this judgment *Johanna Bluemel* appeals.

*Edgar L. Wood,* for the appellant.

For the respondent there was a brief by *Turner, Hunter, Pease & Turner,* and oral argument by *C. F. Hunter.*

SIEBECKER, J. The appellant assails the finding of the court to the effect that the plaintiff's note and mortgage were not paid by the acceptance of the new note and mortgage given by Haase and Grube and delivered to the Milbrath Company. It is beyond question that the Milbrath Company, as plaintiff's agent for the collection of the note and mort-gage, was restricted to receiving payment of them in money. They had no authority to receive payment in any other way. The claim that the course of dealing between them and Eliza-beth Becker, before they undertook the collection of this note, shows that they had full power to deal with defendant's note and mortgage as owners, is not sustained. It is apparent that their authority to deal with these securities was limited to that of collection agents, under which they could receive

payment of them only in money. We must then ascertain whether the finding that nothing was in fact paid to them as such agents, except the sum of $50 paid by appellant on May 25, 1905, is sustained by the evidence.

The contention is that the Milbrath Company had collected $800 in money for appellant in the month of March and held it for her to reloan it, and that the books of accounts show that they, as agents of *Mrs. Bluemel,* applied this sum and the $50 delivered to them by her to the payment of plaintiff's note. While the book entries which are relied on tend to show such a transaction, yet the facts established by the other evidence in the case are that the Milbrath Company, at the time of surrendering plaintiff's note and mortgage to Lindenmann on May 25, 1905, accepted the Haase and Grube note and mortgage as payment of them, and that the officers of this company did not at any time thereafter pay the $800 of appellant's money in consideration of transferring the Haase and Grube securities to her. The Milbrath Company did not have on hand the $800 which they had collected for appellant in the preceding March, and they could not, therefore, at the time of the alleged payment of plaintiff's note and mortgage, apply this money in payment of them as claimed upon their books of accounts. Under the facts and circumstances these are mere colorable entries and amount to a bookkeeping transfer of appellant's credit to Elizabeth Becker. This, of course, did not operate as a payment of plaintiff's note and mortgage. The court's conclusion that the Milbrath Company was insolvent at the time of these transactions is fully warranted by the evidence. Large sums intrusted to the company to be loaned for its clients had been converted by the officers to the use of the company, and it was unable to pay them, and soon thereafter was forced into bankruptcy. The plaintiff's mortgage was recorded long before appellant's mortgage was made and recorded, and remained unsatisfied of record up to the time this action was commenced. There is no proof show-

ing that appellant had been informed that this mortgage was discharged. Her agents, the officers of the Milbrath Company, had actual notice that it was a subsisting mortgage and had not in fact been paid at the time they assigned the Haase and Grube securities to her. It is obvious from these facts that plaintiff is entitled to insist upon his mortgage security and to enforce it in this action.

Exception is urged to the point, found by the court, that the assignment of the Haase and Grube mortgage to appellant was without consideration and therefore void. From the foregoing facts it is clear that the assignment was based on the transaction through which they sought to effect payment of plaintiff's note by the application of appellant's credit for the $800 of her money they had collected. Since the accomplishment of that object failed for the reasons above stated, it must necessarily follow that Haase and Grube received no consideration for the note and mortgage they made in favor of Mary Kurth and which they delivered to Lindenmann in payment of the note and mortgage in question. Nor was there consideration for its subsequent assignment by the Milbrath Company to appellant. Upon these facts the court declared the note and mortgage void in appellant's hands.

It is urged that the doctrine of estoppel as applied in *Marling v. Nommensen,* 127 Wis. 363, 106 N. W. 844, and the other cases cited, has application to the plaintiff in the instant case. We discover no similarity in the facts of this case to the facts and circumstances there presented, and hence no basis for the application of the rule. There is no reversible error in the case.

*By the Court.*—Judgment affirmed.