Deleski v. Peters Trust Co.

---

OLGA SPRIECK DELESKI, ADMINISTRATRIX, PLAINTIFF, V. PETERS TRUST COMPANY ET AL., IMPLEADED WITH CLARENCE C. KERN ET AL., APPELLANTS: JOHN MCNURLIN, APPELLEE: JOHN W. KERN, INTERVENER, APPELLANT.

FILED APRIL 26, 1927.   No. 24796.

1. **Equity.** Where one of two innocent parties must suffer a loss, he whose negligence caused the injury should bear the loss.

2. **Mortgages:** CANCELATION OF RELEASE: EQUITY. A court of equity will not cancel and invalidate the release of a mortgage to the prejudice of an innocent purchaser for value of the mortgaged premises.

3. **Vendor and Purchaser:** INNOCENT PURCHASER. Where a release of a mortgage, through fraud of the mortgagor, has been procured and placed on record, and the mortgagor conveys the

premises to an innocent purchaser for value, such purchaser may convey a good title, divested of the lien, to any person other than his grantor.

4.  **Election of Remedies.**  In an equitable action, a party may not pursue two inconsistent remedies at the same time.

5.  **Estoppel.**  A court of equity will not permit one, who claims some interest in a real estate mortgage held by another, to assert such interest, when he knows that the holder of the mortgage is about to sell and transfer it to a third party and remains silent as to any claim or interest therein until after the sale is consummated and the purchase price paid.

APPEAL from the district court for Stanton county: ANSON A. WELCH, JUDGE. *Reversed, with directions.*

*W. P. Cowan* and *Fay H. Pollock,* for appellants.

*D. O. Dwyer,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD and THOMPSON, JJ.

GOOD, J.

Olga Sprieck Deleski, as administratrix of the estate of Edward A. Sprieck, deceased, a former husband of the plaintiff, commenced this action to foreclose a mortgage, executed by defendants Clarence C. Kern and his wife, Ida Kern, and in which plaintiff's intestate was named as mortgagee. Defendants Peters Trust Company and Omaha Safe Deposit Company are holders of mortgages upon the same premises, which are senior to the plaintiff's mortgage. Defendant McNurlin filed a cross-petition, in which he claimed a first lien upon a part of the premises by virtue of a mortgage for $3,000, which had been previously released on the mortgage record. He alleged that the release had been procured by fraud; that his mortgage had not been paid and was an existing first lien upon the premises, which he sought to have established. John W. Kern, intervener, filed a cross-petition in which he alleged that, subsequent to the commencement of the action, he had purchased plaintiff's mortgage; that, at the time Clarence C. Kern had purchased the mortgaged

premises, the McNurlin mortgage had been properly released of record, and that he had no knowledge or information that McNurlin claimed any lien on or interest in the premises, and that Clarence C. Kern purchased the land in good faith, for $50,000, its full value; that he paid the $50,000 by assuming two mortgages upon the land, aggregating $15,000, and by paying $17,000 in cash and executing a mortgage for $18,000 to Edward A. Sprieck, his vendor, for the remainder of the purchase price. Intervener further alleged that since the commencement of the action he has purchased the equity of redemption from Ernest Heller.

The trial court found that the release of the McNurlin mortgage was procured by fraud; that his mortgage had not been paid, and that he was entitled to a lien upon the premises and to have his mortgage foreclosed, but subject to the mortgages in favor of Peters Trust Company and Omaha Safe Deposit Company. The court further found that, cross-petitioner John W. Kern having acquired the equity of redemption from Heller, his mortgage was merged in the superior title, and denied him a foreclosure. Defendants Clarence C. Kern and Ida Kern and intervener John W. Kern appeal.

The questions presented for determination are: Did the trial court err in canceling the release of the McNurlin mortgage, establishing his lien upon the premises and awarding him a decree of foreclosure for the amount of his mortgage, and in holding that intervener's mortgage was merged in the superior title and in denying foreclosure of his mortgage?

The following pertinent facts appear from the record: In 1914 Edward A. Sprieck was the owner of the premises, now incumbered by the several mortgages involved in this action. He borrowed $3,000 from McNurlin and executed a mortgage on a part of the premises to McNurlin to secure the payment thereof. This mortgage became due in 1919. In 1920 Sprieck and wife induced McNurlin to ex-

ecute a release of that mortgage, which release was duly
recorded. For the purpose of this action it may be ad-
mitted that Sprieck led McNurlin to believe that the paper
which he was executing was one for the extension and
renewal of the mortgage for another five-year period,
while, in fact, it was a release and satisfaction of the mort-
gage. On February 28, 1920, Sprieck and wife, by war-
ranty deed, sold and conveyed the land to defendant Clar-
ence C. Kern for a consideration of $50,000. This $50,000
was paid as follows: $15,000 represented by two mort-
gages, then on the land, which Clarence C. Kern assumed;
$17,000 in cash, and a mortgage for $18,000 upon the
premises in favor of Edward A. Sprieck. At the time,
Clarence C. Kern had no knowledge or information, or any
reason to believe, that McNurlin had any lien on the land,
and he relied upon the fact that the record showed that
the McNurlin mortgage had been satisfied and released.
On March 1, 1920, Clarence C. Kern and wife, by war-
ranty deed, sold and conveyed the premises to Albert Hel-
ler, and Heller therein assumed and agreed to pay the three
mortgages on the premises, to wit, the mortgages of the
Peters Trust Company for $10,000 and of the Omaha Safe
Deposit Company for $5,000, and the mortgage to Edward
A. Sprieck for $18,000. Later, Albert Heller sold and con-
veyed the premises to Ernest Heller. In 1921 Edward A.
Sprieck departed this life, and at the time was the holder of
the $18,000 mortgage. His widow, who subsequently mar-
ried Deleski, was appointed administratrix of his estate,
and, as such, instituted this action to foreclose the $18,000
mortgage. Subsequent to the bringing of this action, the
county court, on application of plaintiff and a hearing there-
on, entered an order, authorizing plaintiff to sell and assign
the mortgage for a stated sum. Pursuant to this order,
plaintiff sold and assigned the $18,000 mortgage and notes
thereby secured to intervener John W. Kern, and at about
the same time he, by a proper conveyance, acquired the
equity of redemption from Ernest Heller. The creditors
of the estate of Edward A. Sprieck, including McNurlin,

were given notice of the application. of the administratrix of the estate for authority to sell and assign the mortgage. No objection was raised by McNurlin or any other creditor.

It appears that, while the premises were conveyed to Clarence C. Kern by Edward A. Sprieck, intervener John W. Kern furnished a part of the purchase money and was a joint owner of the premises with Clarence C. Kern, who was his brother. It is conclusively shown that neither Clarence C. Kern nor John W. Kern, at the time they purchased from Sprieck, had any knowledge or information that McNurlin had, or claimed to have, a lien upon the premises. It also appears that the purchase price, at which plaintiff was authorized to sell the mortgage, was paid by intervener John W. Kern, and that the proceeds thereof were prorated among the creditors of Edward A. Sprieck. Among these creditors was the defendant McNurlin, who received a sum in excess of $1,900 upon a claim that had been duly allowed by the county court. After Kern had purchased the $18,000 mortgage and filed his cross-petition as intervener, McNurlin filed what is termed a reply thereto, in which he sought to have his $3,000 mortgage lien satisfied out of the $18,000 mortgage, then held by John W. Kern.

The following equitable maxims and rules are applicable to the situation here disclosed: "Where one of two innocent parties must suffer a loss, he whose negligence caused the injury should bear it." *Porter v. Ourada,* 51 Neb. 510. Courts of equity will not cancel and invalidate the release of a mortgage to the prejudice of innocent persons. *Whipple v. Fowler,* 41 Neb. 675; *Cram v. Cotrell,* 48 Neb. 646; 9 C. J. 1222, sec. 123.

In the instant case, McNurlin was negligent in not reading, or causing to be read to him, the instrument which he executed. Through his negligence, either he or a third person must suffer a loss. Clarence C. Kern was an innocent purchaser, without fault or negligence. It therefore follows that the loss should be borne, as between the two, by the one whose negligence caused it.

Since Clarence C. Kern took title to the premises divested of any lien of the McNurlin mortgage, it follows that he had a right to transfer the premises to any other person, save his grantor, free from that lien. Clarence C. Kern having conveyed the premises to Albert Heller, he, in turn, to Ernest Heller, and the latter to John W. Kern, it follows that John W. Kern was an innocent holder and took the premises free from any lien of the McNurlin mortgage.

It has been argued in behalf of McNurlin that he was entitled to have his $3,000 mortgage debt paid and discharged out of the $18,000 mortgage, originally held by Edward A. Sprieck. We think his contention is not tenable for the following reasons: Such contention is at variance with his main contention that his mortgage was still a lien. Before he would be entitled to have his mortgage paid out of the $18,000 mortgage, he must recognize, first, that his mortgage lien was divested and that he was not entitled to a reinstatement of it. He was attempting to assert two inconsistent remedies in the same action at the same time. He is not entitled to this relief for another reason. At the time the application was made by the plaintiff for an order permitting her to sell the mortgage, McNurlin was notified of such application. He made no objection to the sale of the mortgage. He permitted it to be sold, and when the purchaser had paid the proceeds to the administratrix, McNurlin was a direct beneficiary and received a part of that money, which was applied towards the payment of a claim, duly allowed against the estate of Edward A. Sprieck. Had he desired to assert any right to an interest in that mortgage, it was his duty to have done so before a sale thereof. He could not sit by and permit such a sale and reap a profit from it, and at the same time seek to avoid the sale either *in toto* or in part.

We next inquire whether there was a merger of the $18,-000 mortgage into the equity of redemption, when both were acquired by John W. Kern. The rule is that, whenever

In re Estate of Winslow.

a person acquires a greater and lesser estate in the same property and there is no intervening estate, ordinarily the lesser is merged in the greater, but where there is an intention that the estates remain separate and distinct no merger can ensue, and the intention will prevail. *Mathews v. Jones,* 47 Neb. 616.

From the facts disclosed by the record, it may be inequitable to decree a merger of the two estates in John W. Kern. There is nothing to indicate an intention on his part to effect a merger, and his having asserted the right to foreclose, coincident with the time of taking the lesser estate, clearly indicates his intention not to have a merger of the two estates. The district court erred, first, in decreeing a foreclosure of the McNurlin mortgage, and, second, in decreeing that there was a merger of the two estates in intervener John W. Kern and in denying him a decree of foreclosure.

The judgment of the district court is therefore reversed and the cause remanded, with directions to enter a decree denying McNurlin any relief in the premises, and awarding to intervener John W. Kern a decree of foreclosure upon his mortgage.

REVERSED.