JULIO GIORGI, APPELLANT, *v.* PIONEER TITLE INSUR–ANCE COMPANY, A NEVADA CORPORATION, RESPOND–ENT.

No. 5668

May 13, 1969                     454 P.2d 104

*Diehl, Recanzone & Evans,* of Fallon, for Appellant.

*Sidney W. Robinson* and *Frank Cassas,* of Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appellant Julio Giorgi, assignee of a promissory note secured by a deed of trust, sued Pioneer Title Insurance Company, trustee named in the deed, for $4,550, representing the principal amount of the note, on the grounds that Pioneer, who held the note in escrow for collection, had wrongfully disbursed the $4,550 to the payee named in the note and reconveyed the real property which was the security for the note.

The facts are not in dispute. On May 28, 1958, William C. Alden and Ula May Alden, his wife, and Mickey E. Keffer and Joyce E. Keffer, his wife, signed a promissory note in the principal sum of $4,550. The note was payable to August Manke and Mabel Manke, his wife, and it was secured by a deed of trust. August died, and Mabel succeeded to his interest in the note. After August's death, but before the note became due, Mabel assigned her interest in the note and deed of trust to Appellant Julio Giorgi. In explaining the absence of the note, Mabel told Julio that the note and deed of trust had been lost. Giorgi caused the assignment to be recorded in Washoe County. Giorgi notified the Aldens and the Keffers of the assignment, but it is agreed that no actual notice of the assignment was ever given to Pioneer, although the assignment recited that Pioneer was the trustee in the deed of trust. At the time the note and deed of trust were executed, the instruments

were deposited with Pioneer with instructions to collect and disburse the $4,550 to the payee named in the note and, upon such payment, to reconvey the property covered by the deed of trust. Pioneer did so. When Giorgi attempted to collect the note, he learned that it had been paid and the security for its payment lost by virtue of Pioneer's deed of reconveyance. Giorgi then commenced an action in the district court, in which he named as defendants Pioneer, Mabel Manke, the Aldens, and the Keffers. The Aldens and the Keffers were never served. The district judge entered judgment in favor of Giorgi and against Mabel for the full amount of the note, but he refused to hold Pioneer responsible for Giorgi's loss; hence, this appeal.

Appellant concedes that Pioneer did not have actual notice of Mabel's assignment of the note and deed of trust. However, appellant argues as his principal contention on this appeal that when he recorded Mabel's assignment of the note and deed of trust Pioneer received constructive notice of the assignment and became bound by the terms of NRS 106.210.[1]

Respondent contends, however, that the law of negotiable instruments is controlling in this case and that Pioneer, as holder of the negotiable promissory note, was bound to disburse the payment received to the payee named in the note—Mabel Manke. We agree, and we affirm the judgment of the district court.

1. In the case of a payment of a mortgage or deed of trust securing a negotiable instrument, the rule suggested by the great weight of authority is that the rights of the parties thereto, as well as third persons, are governed by rules relating to negotiable paper. Murphy v. Barnard, 38 N.E. 29 (Mass. 1894); Laing v. Gainey Builders, Inc., 184 So.2d 897 (Fla.App. 1966). Under this law the maker of a negotiable note secured by a mortgage or deed of trust cannot discharge his liability by payment to one not the holder or one not authorized by the holder to receive payment. Marling v. Milwaukee Realty Co., 106 N.W. 844 (Wis. 1906); Connell v. Kaukauna Gas, Elec. Light & Power Co., 159 N.W. 927 (Wis. 1916); Wilson v.

---

[1]NRS 106.210. "Recording of assignments of mortgages, beneficial interests in trust deeds; constructive notice.

"1. Any assignment of a mortgage of real property or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons."

Campbell, 68 N.W. 278 (Mich. 1896). And a debtor is not justified as against an assignee of the security in making payments to a mortgagee or a beneficiary named in a deed of trust who does not have possession of the instrument.

The general rule has been stated in 4 American Law of Property § 16.117 (A.J. Casner ed. 1952):

" 'Where a negotiable instrument is secured by a mortgage, the latter will not be discharged by payment to the record holder if as a matter of fact the note and mortgage had already been transferred to a bona fide holder for value before maturity, even though no assignment has been recorded.' Such is the general rule by the very definite weight of authority. *This flows from the general rule that in such cases the mortgage follows the rules applicable to the negotiable instrument it secures. Nor will the result be different if the mortgagor asked for the note and was given a plausible but false explanation for its nonproduction. The risk is absolute."* (Footnotes omitted; emphasis added.)

2. Appellant contends, however, that in this case the general rule is superseded by our recordation statutes, particularly NRS 106.210, supra, and that when the assignment was recorded Pioneer was given constructive notice of its existence and became bound by its terms. Admittedly, the problem of harmonizing the effect of our recording statutes with the rules of negotiable instruments so as not to interfere with the commercial mobility of the debt is a troublesome one. G. Osborne, Handbook on the Law of Mortgages § 235, at 647, has stated the rule: "The problem of enacting and applying the recording statute is one of trying to satisfy the demands of recordation required by the fact that the subject matter of the mortgage is land and, at the same time, not to interfere with the mobility of the debt or with the functioning of the security aspect of the mortgage which makes it a mere incident of the debt. Since this is so, it is obvious that the rules governing the recording of other conveyances cannot be applied in toto." (Footnote omitted; emphasis added.)

3. There is an additional reason for this rule. In this case Pioneer was bound by the escrow instructions which the parties had signed. Amen v. Merced County Title Co., 25 Cal.Rptr. 65 (Cal. 1962). The instructions directed Pioneer, who held

the note for collection, to receive and disburse the $4,550 payment to the payee named in the note. To require any agency—whether a title company, escrow company, bank, or individual—to run a title search before making any disbursements to a payee named in a note held for collection and secured by a deed of trust, or to pay at its peril, would impose an impractical and crushing burden on such agencies.

The judgment of the district court is affirmed.

COLLINS, C. J., ZENOFF and THOMPSON, JJ., and WARTMAN, D. J., concur.